UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
JUN 10 2003
CLERK, U.S. DISTRICT COURT
By
       Deputy

JAMES AVERY RUSH, IV

    Plaintiff,

v.      Civil Action No. 2-03CV-014QJ

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

### EMERGENCY MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

Plaintiff James Avery Rush, IV ("Rush") files this Motion for Leave to Conduct Expedited Discovery and Brief in Support and would show as follows:

1.    During the process of requesting a reasonable accommodation for his learning disabilities from the National Board of Medical Examiners ("NBME") which dispute is the subject of this action, Rush provided the NBME with the reports of the experts who diagnose his disabilities and who are likely to testify at the hearing.

2.    After having reviewed those reports, counsel for NBME on June 6, 2003 informed counsel Rush that it was denying his third request for reasonable accommodation in connection with taking the USMLE Step 1 Exam. NBME also indicated at that time that it anticipated one full day of testimony from its representatives and experts at an injunction hearing, but stated it would not provide any discovery of its experts' opinions prior to the preliminary injunction hearing.

3.    The hearing on Rush's Motion for Preliminary Injunction is scheduled for Monday, June 16, 2003 at 9:30 a.m. The NBME has an unfair advantage in conducting the

preliminary injunction hearing in that Rush has provided its expert opinions to the NBME as part of his request for accommodation, but the NBME refuses to reciprocate by providing any information about the areas of testimony or opinions of its representatives and experts.

4.  Rush hereby requests emergency leave to take telephonic depositions of the NBME representatives and experts expected to testify at the preliminary injunction hearing on June 16, 2003 limited to three hours of actual deposition time. Through the limited telephonic depositions, Rush will be able to obtain basic information regarding the areas and opinions of the potential testimony which will streamline and reduce the length of the injunction hearing. The Court is authorized under Rule 26(d) of the Federal Rules of Civil Procedure to grant this relief.

5.  In addition, Rush seeks leave to take the deposition of his expert Dr. Donald Deshler, if necessary to obtain his testimony at the hearing. Dr. Deshler, as a renowned expert in the field of learning disabilities, is presently working on legislation pending before the United States Congress and is on stand-by status for testimony before Congress on related issues. Accordingly, Dr. Deshler's schedule for his work with Congress likely makes him unavailable for the hearing. Rush seeks leave to depose Dr. Deshler to preserve his testimony in the event that he cannot attend the hearing when scheduled by the Court.

6.  Rush's request for this limited expedited discovery is not intended to harass or inconvenience any party, but is requested to expedite and stream line the hearing on his request for injunctive relief.

WHEREFORE, James Avery Rush, IV, respectfully moves this Court to grant leave under Rule 30(a) to allow limited discovery of NBME's representatives and experts prior to the preliminary injunction hearing and to allow the deposition of Dr. Donald Deshler, if needed to

preserve his testimony at the injunction hearing, and for such other relief as the Court deems just and to which Rush is otherwise entitled.

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.372.5086 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

On June 6, 2003, John Mozola spoke with Thomas Riney, counsel for the National Board of Medical Examiners, who indicated that NBME was opposed to any discovery being conducted prior to the hearing on the Motion for Preliminary Injunctive Relief.

Brad A. Chapman

## CERTIFICATE OF SERVICE

This is to certify that on June 10th, 2003, a true and correct copy of the above and foregoing Motion for Preliminary Injunction was served on counsel for the Defendant via hand delivery, addressed as follows:

Thomas C. Riney
Gibson, Ochsner & Adkins,
701 S. Taylor
Suite 500
Amarillo, Texas 79101

Brad A. Chapman