U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 0 2003

CLERK, U.S. DISTRICT COURT
By
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES AVERY RUSH, IV

    Plaintiff,

v.    Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

## MOTION FOR PRELIMINARY INJUNCTION

**TO THE HONORABLE COURT:**

    Plaintiff James Avery Rush, IV ("Rush"), whose nickname is "Jave", files this Motion for Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Federal Procedure and 42 U.S.C. §12188(a), seeking a preliminary injunction ordering that the Defendant, National Board of Medical Examiners ("NBME"), immediately cease and desist from refusing to grant Rush's request for reasonable accommodation in taking the United States Medical Licensing Examination ("USMLE") Step 1 exam and ordering that the NBME immediately comply with the Americans with Disabilities Act ("ADA") by providing Rush the accommodation of double the standard time in which to take the USMLE Step 1 examination and would show as follows:

    1.    Rush has a diagnosed learning disability and suffers from Attention Deficient Disorder with Hyperactivity.[1] These disabilities substantially impair Rush's major life activities of learning, reading, writing and working.

    2.    As a second year medical student at the Texas Tech University School of Medicine in Lubbock, Texas, Rush has applied to the NBME to take the USMLE Step 1 exam

---

[1] *See* Report of Dr. David Egerton, and the Letter Report of Dr. Donald Deshler, attached as Exhibit A and B respectively, to the Brief filed herewith, and which are incorporated herein for all purposes.

and has requested a reasonable accommodation of his disabilities in the form of additional time to take the exam.

3. The NBME has denied Rush's request, despite the fact that Title III of the American with Disabilities Act requires the NBME to provide a reasonable accommodation to Rush.

4. The USMLE Step 1 examination is a prerequisite to Rush continuing his medical school career and, ultimately, to his being licensed as a medical doctor. Rush requests entry of a preliminary injunction requiring NBME to provide him the reasonable accommodation of additional time to which he is entitled under the ADA. Due to the nature and importance of the Step 1 exam, Rush will be irreparably harmed if the NBME is allowed to illegally refuse to provide him the reasonable test accommodation, as requested, and unless the Court grants the injunctive relief sought herein prohibiting the continued violation of Rush's ADA rights and compelling the NBME to provide the requested accommodation

5. No harm will come to the NBME if the Court grants the requested relief and the public interest will be served by granting the injunctive relief to enforcing the ADA.

6. NBME's actions violate the ADA and Rush is entitled to and hereby does request entry of a preliminary injunction directing the NBME to immediately cease and desist from refusing to accommodate Rush in connection with his taking the USMLE Step 1 exam and ordering that the NBME provide Rush the requested accommodation of double the standard time to take the USMLE Step 1.

7. A detailed brief further outlining the basis for the requested relief has been filed herewith and is incorporated herein for all purposes.

WHEREFORE, James Avery Rush, IV, respectfully moves this Court to issue a preliminary injunction, after notice and hearing, restraining Defendant NBME from further violation of Rush's ADA rights by refusing to provide him reasonable accommodations in connection with the taking of the USMLE Step 1 examination, ordering that the NBME allow Rush the reasonable accommodation of double the standard time for the taking of the USMLE Step 1 examination and awarding such other relief as the Court deems just and to which Rush is otherwise entitled.

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas  79120-1656
806.372.5050
806.372.5086 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

On June 6, 2003, John Mozola spoke with Thomas Riney of Gibson Ochsner & Adkins of Amarillo, Texas, who acknowledged that he was counsel for the National Board of Medical Examiners in connection with the above referenced matter. Mr. Riney indicated that NBME was opposed to the Motion for Preliminary Injunctive Relief. Mr. Riney and Mr. Mozola conferred on the length of time needed for a hearing and both concur that the hearing should take two (2) full days.

Brad A. Chapman

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of June, 2003, a true and correct copy of the above and foregoing Motion for Preliminary Injunction was served on counsel for the Defendant via hand delivery, addressed as follows:

Thomas C. Riney
Gibson, Ochsner & Adkins,
701 S. Taylor
Suite 500
Amarillo, Texas 79101

Brad A. Chapman