ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 16 2003

CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 2-03CV-0140J |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

GIBSON, OCHSNER & ADKINS, LLP
  Thomas C. Riney – TBN 16935100
  Stephen H. Dimlich, Jr. – TBN 05879550
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271
FAX: 378-9797

ATTORNEYS FOR DEFENDANT

15784 00001  67775.1

...

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ iii

I.  BACKGROUND ............................................................................................................... 1

II. ARGUMENTS AND AUTHORITIES .............................................................................. 2

A.  Plaintiff is seeking mandatory injunctive relief and therefore, under the appropriate standard, must show clear entitlement to relief by satisfying each of the four elements required for a temporary injunction. .................................. 2

1.  Mandatory preliminary injunction standards. ................................................. 2

2.  Plaintiff is under a heightened standard of proof because he seeks a mandatory injunction. ...................................................................................... 4

B.  Plaintiff is not disabled under the ADA and cannot demonstrate a substantial likelihood of success on the merits. ........................................................................... 8

C.  Plaintiff has not demonstrated that there is no adequate remedy at law or that he will suffer irreparable harm in the absence of a preliminary injunction. .............. 9

1.  Plaintiff claims entitlement to a legal remedy (compensatory damages). ....... 9

2.  Plaintiff cannot prove he will be irreparably harmed if a preliminary injunction mandating an accommodation is not granted. ............................. 10

D.  Plaintiff has not established that any injury he may suffer outweighs the harm a preliminary injunction would cause the NBME. .......................................... 12

E.  Plaintiff has not demonstrated that granting the preliminary injunction would not disserve the public interest. ......................................................................... 14

III. CONCLUSION ................................................................................................................ 15

CERTIFICATE OF SERVICE .................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Amoco Production Co. v. Village of Gambell*,
  480 U.S. 531 (1987) .................................................................................................. 6
*Black Fire Fighters Ass'n v. City of Dallas*,
  905 F.2d 63 (5th Cir. 1990) ....................................................................................... 3
*Canal Authority v. Callaway*,
  489 F.2d 567 (5th Cir. 1974) ............................................................................. 3, 9, 12
*Cho v. Itco, Inc.*,
  782 F. Supp. 1183 (E.D. Tex. 1991) .......................................................................... 5
*CSX Transp. v. Tennessee State Bd. of Equalization*,
  964 F.2d 548 (6th Cir. 1992) .................................................................................... 10
*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
  269 F.3d 1149 (10th Cir. 2001) .................................................................................. 5
*Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana Ass'n*,
  762 F.2d 464 (5th Cir. 1985) ................................................................................ 3, 11
*Equal Employment Opportunity Comm'n v. Cosmair, Inc.*,
  821 F.2d 1085 (5th Cir. 1987) ................................................................................... 7
*Evergreen Presbyterian Ministries, Inc. v. Hood*,
  235 F.3d 908 (5th Cir. 2000) ................................................................................. 2, 3
*Exhibitors Poster Exchange, Inc. v. National Screen Corp.*,
  441 F.2d 560 (5th Cir. 1971) .............................................................................. 2, 4, 5
*Gonzales v. Nat'l Bd. of Med. Examiners*,
  225 F.3d 620 (6th Cir. 2000) ..................................................................................... 8
*JSG Trading Corp. v. Tray-Wrap, Inc.*,
  917 F.2d 75 (2nd Cir. 1990) ..................................................................................... 10
*Justin Indus., Inc. v. Choctaw Sec., L.P.*,
  747 F. Supp. 1218 (N.D. Tex. 1990) ...................................................................... 4, 5
*Martinez v. Matthews*,
  544 F.2d 1233 (5th Cir. 1976) ................................................................................ 2, 5
*Mathis v. Connecticut Gen. Life Ins. Co.*,
  882 F. Supp. 92 (N.D. Tex. 1994) .............................................................................. 5
*Mississippi Power & Light Co. v. United Gas Pipeline*,
  760 F.2d 618 (5th Cir. 1985) ................................................................................ 3, 12
*Morgan v. Fletcher*,
  518 F.2d 236 (5th Cir. 1975) .................................................................................... 11
*Productis Carnic, S.A. v. Central Am. Beef*,
  621 F.2d 683 (5th Cir. 1980) ..................................................................................... 4
*Sampson v. Murray*,
  415 U.S. 61, 94 S. Ct. 937, 39 L.Ed. 2d 166 (1974) ................................................. 11

*Tate v. American Tugs, Inc.*,
  634 F.2d 869 (5th Cir. 1981) .................................................................................. 3, 7
*Tri-State Generation & Transmission Ass'n, Inc. v. Wyoming Pub. Serv. Comm'n*,
  874 F.2d 1346 (10th Cir. 1989) .................................................................................. 5
*U.S. v. White*,
  893 F.Supp. 1423 (C.D. Calif. 1995) ......................................................................... 7
*United States v. Hayes Int'l Corp.*,
  415 F.2d 1038 (5th Cir. 1969) ..................................................................................... 8
*Valley v. Rapides Parish School Board*,
  118 F.3d 1047 (5th Cir. 1997) ..................................................................................... 3
*Weinberger v. Romero-Barcelo*,
  456 U.S. 305, 102 S.Ct. 1798 (1982) .......................................................................... 6
*White v. Carlucci*,
  862 F.2d 1209 (5th Cir. 1989) ................................................................................ 2, 7

TO THE HONORABLE MARY LOU ROBINSON, DISTRICT JUDGE:

Defendant NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") submits this Brief in Opposition to Plaintiff's Motion for Preliminary Injunction and shows the Court as follows:

## I.
## BACKGROUND

The United States Medical Licensing Examination™ ("USMLE") is an examination relied upon by the medical licensing boards of all 50 states and the territories of the United States as an indication of the competency of individuals who aspire to become physicians. Defendant develops the USMLE and is responsible for ensuring that the USMLE effectively and impartially tests the qualifications and competency of individuals seeking medical licensure. As a screening process for physicians, the USMLE tests the minimum knowledge required to be a physician, and therefore the integrity of the exam is essential. Because of the integrity of the USMLE, medical licensing boards voluntarily rely on the exam as an indicator of an individual's abilities and competency and require successful completion of the three-step exam as a prerequisite to obtaining a license to practice medicine.

Plaintiff, a second year student at the Texas Tech University School of Medicine (hereafter, the "Medical School"), claims he is scheduled to take Step 1 of the USMLE on July 2, 2003[1] and seeks preliminary **mandatory** injunctive relief from this Court

---

[1] NBME's records show that Plaintiff is scheduled to take the USMLE on June 20, 2003, not on July 2, 2003, as claimed by Plaintiff.

compelling the NBME to provide him twice the regular allotted time provided for taking Step 1 of the USMLE.

## II.
## ARGUMENTS AND AUTHORITIES

Plaintiff has not met the heightened legal standard under which a mandatory preliminary injunction may be granted and therefore his Motion for Preliminary Injunction must be denied.

**A. Plaintiff is seeking mandatory injunctive relief and therefore, under the appropriate standard, must show clear entitlement to relief by satisfying each of the four elements required for a temporary injunction.**

1. Mandatory preliminary injunction standards.

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir. 2000); *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Further, mandatory preliminary injunctions, which go well beyond simply maintaining the status quo, "are particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976); *Exhibitors Poster Exchange, Inc. v. National Screen Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) ("when a plaintiff applies for a mandatory preliminary injunction, such relief should not be granted except in rare circumstances in which the facts and law are clearly in favor of the moving party."). "Only in rare circumstances is the issuance of a mandatory preliminary injunction proper." *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir.

1981). Under Fifth Circuit law, in order to secure a preliminary injunction, the movant has the burden of proving the following four elements:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat or irreparable harm if the injunction is not granted;

(3) the threatened injury outweighs any harm to the non-movant that may result from the injunction; and

(4) granting the injunction will not undermine or disserve the public interest.

*See Valley v. Rapides Parish School Board*, 118 F.3d 1047, 1051 (5th Cir. 1997); *Evergreen Presbyterian Ministries,* 235 F.3d at 918; *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). If Plaintiff fails to establish any one of the four elements, the preliminary injunction must be denied. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *see also Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana Ass'n*, 762 F.2d 464, 472 (5th Cir. 1985) ("the movant has a heavy burden of persuading the district court that all four elements are satisfied"). Thus, if Plaintiff fails to meet any one of the elements, he is not entitled to injunctive relief.

2. Plaintiff is under a heightened standard of proof because he seeks a mandatory injunction.

Plaintiff contends that a lesser standard should apply in this case and asserts two lines of reasoning in support of his erroneous contention. First, Plaintiff asserts that the standard applicable to his motion would require that he demonstrate merely "some likelihood of success on the merits" once he establishes the other three elements. Second, Plaintiff contends that because Congress provided a statutory cause of action for injunctive relief for violations of the Americans with Disabilities Act ("ADA"), he is not required to establish irreparable harm. Both of Plaintiff's contentions are unfounded. Because Plaintiff is seeking a **mandatory** preliminary injunction, he carries a heavier burden of showing **clear entitlement** to the relief under the facts and the law, which requires that he establish each of the four elements, including a substantial likelihood of success on the merits and irreparable harm. *Justin Indus., Inc. v. Choctaw Sec., L.P.*, 747 F. Supp. 1218, 1220 (N.D. Tex. 1990) (citing *Exhibitors Poster Exchange, Inc. v. National Screen Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) ("where a plaintiff applies for a mandatory preliminary injunction, such relief should not be granted except in rare circumstances in which the facts and the law are clearly in favor of the moving party").

Plaintiff's first contention, that he need merely demonstrate "some likelihood of success on the merits," is not supported in law, and his reliance upon the cases he cites in support of his contention is misplaced. In each case Plaintiff cites, the court was asked to grant injunctive relief to preserve the status quo. *See Productis Carnic, S.A. v. Central Am. Beef*, 621 F.2d 683, 686 (5th Cir. 1980)(injunction to preserve the status quo by

restraining the movement of beef being held in cold storage); *Tri-State Generation & Transmission Ass'n, Inc. v. Wyoming Pub. Serv. Comm'n*, 874 F.2d 1346 (10th Cir. 1989) (enjoining the sale of assets); *Cho v. Itco, Inc.*, 782 F. Supp. 1183, 1185 (E.D. Tex. 1991)(injunction to prevent the sale of a condominium). These cases are inapplicable to the Plaintiff's request for a mandatory injunction and do not support Plaintiff's contention **because Plaintiff is not asking the Court to preserve the status quo**. Rather, Plaintiff is asking the Court to compel the NBME to provide him with double the normal allotted time to take the USMLE Step 1 exam, thereby altering the status quo. As such, Plaintiff is seeking a mandatory injunction and, rather than applying the lesser standard as argued by Plaintiff, the Court must apply a heightened standard which (as stated above) requires that Plaintiff show that the facts and the law are clearly in his favor. *Exhibitors*, 441 F.2d at 561; *Martinez*, 544 F.2d at 1243; *Mathis v. Connecticut Gen. Life Ins. Co.*, 882 F. Supp. 92, 94 (N.D. Tex. 1994)("Plaintiff bears a heavier burden because she is seeking a mandatory preliminary injunction"); *Justin Indus., Inc.*, 747 F.Supp. at 1220 (because plaintiff seeks a mandatory preliminary injunction, he carries a heavier burden of showing a clear entitlement to the relief under the facts and the law). *See also Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)(movant for mandatory injunction has "a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction"). Thus, under the applicable standard for determining entitlement to a mandatory preliminary injunction, Plaintiff must establish a substantial likelihood of

success on the merits, not merely "some likelihood of success on the merits," as Plaintiff contends.

Importantly, among other elements, Plaintiff also has the burden of establishing that he will suffer irreparable harm in the absence of injunctive relief. Contrary to Plaintiff's contention, the mere provision of injunctive relief as one of the remedies available under Title III of the ADA does not negate the requirement that he prove irreparable harm. The Supreme Court addressed this issue in *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531 (1987), and held that a statutory provision for injunctive relief does not deprive the courts of their discretion to determine the propriety of granting injunctive relief. *Amoco Production Co.*, 480 U.S. at 542. In reversing a Ninth Circuit opinion that presumed irreparable harm, the *Amoco* court stated that the presumption of harm applied by the Ninth Circuit was "contrary to traditional equitable principles" and held that establishing irreparable harm is one of the requirements for granting injunctive relief. *Id.* at 545. Citing its prior precedent, the court also stated:

> Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied...the grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a **federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law**.

*Id.* at 542 (emphasis added) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313, 102 S.Ct. 1798, 1803 (1982)). The ADA does not restrict a court's jurisdiction in equity or otherwise mandate that a district court issue injunctive relief for individuals claiming

discrimination under the statute. Accordingly, there is no presumption of irreparable harm under the ADA, and the Court is not required to grant Plaintiff injunctive relief without a showing of irreparable harm.

Under Fifth Circuit jurisprudence, Plaintiff's contention that he need not demonstrate irreparable harm when seeking a mandatory preliminary injunction is likewise groundless. "An indispensable prerequisite to issuance of a preliminary injunction is prevention of irreparable injury." *Tate*, 634 F.2d at 870. "Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue." *Carlucci*, 862 F.2d at 1211. Plaintiff erroneously cites *U.S. v. White*, 893 F.Supp. 1423 (C.D. Calif. 1995), for the proposition that because there exists a statutory cause of action for injunctive relief for violation of the ADA, "it is not necessary for Rush to establish irreparable harm." (See Plaintiff's Brief at p. 8). *White* is distinguishable from the present case because the plaintiff in *White* was the United States Government seeking a preliminary injunction against abortion clinic protestors under the Freedom of Access to Clinic Entrances Act. *Id.* at 1430. The *White* court stated that "[i]n statute enforcement actions by **the government**, irreparable injury is generally presumed where a statutory violation is clearly shown." *Id.* (emphasis added). Thus, in the Fifth Circuit, in limited circumstances irreparable harm need not be proven **if** the injunctive relief is sought by a government agency and the statutory prerequisites are met. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Equal Employment Opportunity Comm'n v. Cosmair, Inc.*, 821 F.2d 1085, 1090 (5th Cir. 1987); *United*

*States v. Hayes Int'l Corp.*, 415 F.2d 1038, 1044 (5th Cir. 1969). However, this case does not involve the United States Government seeking to enforce a statutory injunction (against abortion protestors or otherwise).

Simply stated, there is no way to read the *White* case (or related cases) as eliminating the irreparable harm requirement for Plaintiff, who is a private citizen. Plaintiff's case does not fall within the limited exception, and therefore Plaintiff is not relieved of his heavy burden of establishing irreparable harm by showing the facts and the law are clearly in his favor.

**B.    Plaintiff is not disabled under the ADA and cannot demonstrate a substantial likelihood of success on the merits.**

It is highly unlikely that Plaintiff will prevail on the merits of his underlying claim. In order to succeed on the merits of his claim, Plaintiff must establish that he suffers from a physical or mental impairment that substantially limits one or more of his major life activities and is therefore disabled under the ADA and is entitled to reasonable accommodation by the NBME. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 626 (6th Cir. 2000). For the reasons discussed in Defendant's *Memorandum of Law on the Americans with Disabilities Act*, which Defendant incorporates by reference, and as will be established at the hearing of this matter, Plaintiff has not proven that he is a disabled individual entitled to reasonable accommodation under the ADA. Specifically, Plaintiff has failed to prove that his alleged impairments (ADHD or a reading disability) will substantially limit any of his major life activities. Plaintiff has also failed to prove that his alleged impairments will substantially limit his ability to pass Step 1 of the

USMLE without the requested accommodations. The granting of a preliminary injunction is inequitable if the Plaintiff has no chance of success on the merits. *Callaway*, 489 F.2d at 576. Accordingly, because Plaintiff has not proven a likelihood of success on the merits of his claim, the Court must deny Plaintiff's Motion for Preliminary Injunction.

C. **Plaintiff has not demonstrated that there is no adequate remedy at law or that he will suffer irreparable harm in the absence of a preliminary injunction.**

1. Plaintiff claims entitlement to a legal remedy (compensatory damages).

The Court's denial of a preliminary injunction will not cause Plaintiff irreparable harm and will not deprive him of an adequate remedy at law. Plaintiff's contention that no future judicial remedy could correct any consequences that result from a denial of an injunction is unfounded, and Plaintiff has made no attempt to support this contention. Plaintiff will have an adequate remedy at law upon the conclusion of a trial on the merits. After a trial is held, the Court can determine whether Plaintiff is entitled to such a remedy. If the Court finds that the Plaintiff is entitled to the accommodation that he seeks from the NBME, he will be entitled to take Step 1 of the USMLE with accommodation at a later date.

Moreover, Plaintiff seeks compensatory damages for alleged lost employment opportunities, out-of-pocket losses, and severe emotional distress and anguish. (Plaintiff's Original Complaint at ¶37 and ¶4 of his Prayer). Plaintiff's request for compensatory damages is an admission that money damages can atone for the damages

claimed by Plaintiff, in contravention to the standard for entitlement to preliminary injunctive relief. It is well established that a mandatory preliminary injunction is inappropriate where monetary damages may suffice. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2nd Cir. 1990) ("Where money damages are adequate compensation, a preliminary injunction should not issue."); *CSX Transp. v. Tennessee State Bd. of Equalization*, 964 F.2d 548, 551 (6th Cir. 1992) ("[a]n injunction generally should not issue if there is an adequate remedy at law."). Because Plaintiff has not established the lack of an adequate remedy of law in the absence of an injunction, and has requested monetary damages, his Motion must be denied.

    2.    Plaintiff cannot prove he will be irreparably harmed if a preliminary injunction mandating an accommodation is not granted.

This is a case in which irreparable harm does not exist. In an attempt to establish that irreparable harm will befall him if he is denied a preliminary injunction compelling the NBME to provide him double the normal allotted time to take Step 1 of the USMLE, Plaintiff claims that taking Step 1 of the USMLE is a prerequisite for beginning his third year rotation, and states that he must therefore take the exam on July 2, 2003, before the beginning of his third year. (*See* Plaintiff's Original Complaint ¶ 2; Plaintiff's Brief in Support of Motion for Preliminary Injunction, hereafter "Plaintiff's Brief," at 8). Plaintiff further contends that he will be placed at a disadvantage if he is not allowed double the normal allotted time in which to take the exam and that the result will "most likely be a failing score." (*See* Plaintiff's Brief at 8). Plaintiff also asserts that if he fails the exam, he will be forced either to "take time out from his medical school studies" to

prepare for and retake the exam or to take a leave of absence from the Medical School. (*See* Plaintiff's Brief at 8-9). Under either alternative, Plaintiff claims that his future residency and medical training opportunities will be jeopardized and that "his whole future as a physician may be impacted by this one exam." (*See* Plaintiff's Brief at 8-9).

Plaintiff's contentions are not based on fact, but merely upon speculation. Such conjecture will not support a finding of irreparable injury. *See Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975). More particularly, Plaintiff's claims are speculative because, among other reasons, he has not yet taken Step 1 of the USMLE and cannot say with certainty whether he will fail the exam without special accommodation or pass it. Plaintiff's asserted harm assumes he will fail the Step 1 test, and such event is in no way inevitable.

Plaintiff's claim of irreparable harm is not only speculative and unsupported by fact, but it also appears to be made so that Plaintiff can simply avoid the inconvenience of having to take or re-take the exam at a later date. This sort of inconvenience does not support a finding of irreparable harm. The key word when considering irreparable harm is that the harm must be "irreparable." *Enterprise*, 762 F.2d at 472-73; *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L.Ed. 2d 166 (1974). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Morgan*, 518 F.2d at 239. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id*.

Additionally, the primary justification for granting a preliminary injunction is to preserve the court's ability to render a meaningful decision after a trial on the merits. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 627 (5th Cir. 1985); *Callaway*, 489 F.2d at 576. If, after a trial on the merits, the Court were to find in Plaintiff's favor, Plaintiff may take the exam at a later date. A preliminary injunction is not necessary to preserve the Court's ability to render a meaningful decision on the merits because Plaintiff will not be precluded from taking the exam with accommodation if the Court finds in his favor. In other words, irreparable harm will not result in the absence of a preliminary injunction because Plaintiff will still be provided an opportunity to take advantage of any corrective action the Court might grant to Plaintiff after his claim is fully litigated. Therefore, the Court must deny Plaintiff's Motion for Preliminary Injunction.

### D. **Plaintiff has not established that any injury he may suffer outweighs the harm a preliminary injunction would cause the NBME.**

The NBME is faced with certain harm should the Court grant the preliminary injunction as requested by Plaintiff. The integrity of the NBME would be severely compromised if the Court were to compel the NBME to provide Plaintiff with an accommodation to which he is not entitled before the matter has been fully litigated. The NBME is a gatekeeper for medical licensing boards, entrusted with the responsibility of ensuring that the USMLE impartially and fairly identifies those individuals qualified to become physicians. As a screening process for physicians, the USMLE is designed to test the minimum knowledge required to be a physician. In order to maintain the

integrity of the exam, the NBME stringently endeavors to be sure all examinees are tested on equal footing and that no examinee or group of examinees receives an unfair advantage.

To accomplish this goal, the NBME carefully reviews applications, and, where appropriate, provides accommodations to examinees with appropriately documented disabilities. The NBME cannot and will not grant a request for an accommodation to an examinee who is not actually disabled under the ADA. Plaintiff's Motion asks the Court to do just that; his Motion asks the Court to compel the NBME to make an exception to its standards and permit Plaintiff double time in which to take the exam, even though he has not demonstrated that he is disabled within the meaning of the ADA. Were the NBME compelled to provide an accommodation to an individual who does not have appropriately documented disabilities, the integrity of the NBME and its ability to fairly and accurately screen potential physicians would be seriously jeopardized. Indeed, the harm to the NBME would be extreme because if Plaintiff receives accommodations to which he is not entitled, he will be given an unfair advantage over others. He would be receiving preferential, not equal, treatment.

For the foregoing reasons, any inconvenience Plaintiff may suffer as a result of waiting for the Court to determine his rights after a trial on the merits is substantially outweighed by the significant injury to the integrity of the NBME and the processes it employs should Plaintiff be awarded the injunctive relief he seeks.

E.  **Plaintiff has not demonstrated that granting the preliminary injunction would not disserve the public interest.**

Of extreme importance, the public interest would be disserved if the Court grants the requested preliminary injunction. The public has a right to expect that medical doctors are licensed under standards that ensure that each and every doctor is qualified to treat them. The USMLE is one of the methods used by licensing boards to try to best ensure that the public expectation is met. Licensing boards use the exam to determine whether an individual is qualified to become a medical doctor and rely upon the NBME to ensure that exam scores are a valid and reliable indicator. Because licensing boards place their reliance upon the integrity of the exam and upon the NBME's role in connection with the exam, the NBME is necessarily responsible for ensuring that the public expectation and need is met as to the qualifications and competency of those entrusted with providing medical care. In this case, Plaintiff comes before the Court requesting an injunction **mandating** that the NBME allow him twice the regular time allotted for taking Step 1 of the USMLE. Given Plaintiff's failure to appropriately document an ADA disability, this would give Plaintiff an unfair and preferential edge on the exam at the possible expense of safety to the public and fairness to his fellow examinees.[2] The ADA was not enacted to allow a person to manipulate or circumvent the system for their own goals at the public's expense. For these reasons, public interest would be disserved by an injunction that compels the NBME to make an exception to its standards without an appropriately documented reason.

---

[2] Plaintiff is not the only test taker who could benefit from extra time. Many examinees take the test within the regular time when English is not their first language.

## III.
## CONCLUSION

Plaintiff has a heavy burden to prove each of the four elements by a clear showing before a mandatory preliminary injunction may issue. Plaintiff, however, cannot establish any one of the necessary elements under the applicable heightened standard, much less all four. Further, as discussed above, it is well established that a primary purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. Under this standard, there is no purpose or reason for a preliminary injunction in this case. In the absence of an injunction, the controversy will remain and the Court will not be deprived of rendering a meaningful decision on the merits. Plaintiff has not established that he will suffer irreparable harm if the Court does not grant the preliminary injunction. Therefore, the Court must deny Plaintiff's Motion.

For all of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction must be denied.

SIGNED this _____ day of June, 2003.

Respectfully submitted,

GIBSON, OCHSNER & ADKINS, LLP
  Thomas C. Riney – TBN 16935100
  Stephen H. Dimlich, Jr. – TBN 05879550
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271
FAX: 378-9797

By _____
    Thomas C. Riney

ATTORNEYS FOR DEFENDANT
NATIONAL BOARD OF MEDICAL
EXAMINERS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Brief in Opposition to Plaintiff's Motion for Preliminary Injunction is being served upon counsel of record by hand delivery this ____ day of June, 2003, as follows:

    John Mozola
    Vincent E. Nowak
    Brad A. Chapman
    Mullin, Hoard & Brown, L.L.P.
    500 S. Taylor, Suite 800
    Amarillo, Texas 79101

_____
Thomas C. Riney