

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 2-03CV-0140J |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant NATIONAL BOARD OF MEDICAL EXAMINERS files this Original Answer in response to Plaintiff's Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial ("Complaint"). Defendant responds as follows:

### FIRST DEFENSE

Pending discovery, Plaintiff has failed to exhaust available academic and/or administrative remedies.

### SECOND DEFENSE

Plaintiff's alleged damages (the entitlement to which is expressly denied) are limited and/or prohibited by statute or other law.

### THIRD DFENSE

Defendant has legitimate, nondiscriminatory reasons for its decisions regarding Plaintiff. Plaintiff was not unlawfully discriminated against. All of Defendant's actions regarding Plaintiff were reasonable and taken in good faith.

### FOURTH DEFENSE

Without waiving the foregoing affirmative defenses, Defendant responds to the allegations contained within Plaintiff's Complaint on a paragraph-by-paragraph basis as follows:

1. With respect to the allegations contained within the first sentence of paragraph 1 of Plaintiff's Complaint, Defendant is not required to admit or deny such allegations but denies that it has violated the Americans with Disabilities Act ("ADA"). With respect to the allegations contained within the second sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a medical student but denies that its records indicate that Plaintiff is scheduled to take the Step 1 exam on July 2, 2003; rather, Defendant's records indicate that Plaintiff is scheduled to take that exam on June 20, 2003. With respect to the allegations contained within the third sentence of paragraph 1 of Plaintiff's Complaint, Defendant denies such allegations. With respect to the allegations contained within the fourth sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is seeking the specified relief but denies that it has, or is, violating any rights Plaintiff may have under the ADA. With respect to the

allegations contained within the fifth sentence of paragraph 1 of Plaintiff's Complaint, Defendant denies such allegations.

2. With respect to the allegations contained within the first sentence of paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the second sentence of paragraph 2 of Plaintiff's Complaint, Defendant denies that Plaintiff has been appropriately diagnosed with a learning disability and cannot admit or deny when Plaintiff intends to take the USMLE Step 1 exam. With respect to the allegations contained within the third sentence of paragraph 2 of Plaintiff's Complaint, Defendant denies such allegations.

3. With respect to the allegations contained within the first sentence of paragraph 3 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the second sentence of paragraph 3 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the third sentence of paragraph 3 of Plaintiff's Complaint, Defendant admits only that the level of performance on the USMLE may be a determinant in regard to residency training. With respect to the allegations contained within the fourth sentence of paragraph 3 of Plaintiff's Complaint, Defendant admits such allegations.

4. With respect to the allegations contained within the first sentence of paragraph 4 of Plaintiff's Complaint, Defendant admits such allegations. With respect to

the allegations contained within the second through fourth sentences of paragraph 4 of Plaintiff's Complaint, Defendant admits that it has been served in this lawsuit.

5. With respect to the allegations contained within paragraph 5 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over this action but denies that it is subjecting Plaintiff to discrimination on the basis of a disability in violation of Title III of the ADA.

6. With respect to the allegations contained within paragraph 6 of Plaintiff's Complaint, Defendant admits that venue is proper in this Court but denies that it is engaging in or has engaged in any unlawful acts in this judicial district.

7. With respect to the allegations contained within the first and second sentences of paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the third sentence of paragraph 7 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the fourth sentence of paragraph 7 of Plaintiff's Complaint, Defendant states that its records show that Plaintiff is still scheduled to take the Step 1 exam on June 20, 2003; Defendant is without sufficient information either to admit or deny when Plaintiff's third-year rotations begin.

8. With respect to the allegations contained within the first sentence of paragraph 8 of Plaintiff's Complaint, Defendant denies such allegations. With respect to the allegations contained within the second through fifth sentences of paragraph 8 of

15784 00001 67910 1

Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the sixth sentence of paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations but denies that Plaintiff is disabled within the meaning of the ADA. With respect to the allegations contained within the seventh sentence of paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the eighth sentence of paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

9. With respect to the allegations contained within the first sentence of paragraph 9 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the second through fourth sentences of paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

10. With respect to the allegations contained within the first sentence of paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the second sentence of paragraph 10 of Plaintiff's Complaint, Defendant denies that Plaintiff was appropriately diagnosed with a disability. With respect to the allegations contained within the third sentence of paragraph 10 of Plaintiff's Complaint, Defendant denies such allegations.

11. With respect to the allegations contained within the first sentence of paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the second sentence of paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations but denies that Plaintiff has a disability under the ADA.

12. With respect to the allegations contained within paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

13. With respect to the allegations contained within paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations, except Defendant denies that passing Step 1 is a prerequisite to taking Step 2.

14. With respect to the allegations contained within paragraph 14 of Plaintiff's Complaint, Defendant admits that it develops the USMLE and, through a computer testing vendor, administers the USMLE at various sites throughout the United States and throughout the year. Defendant admits that each student's scores on the USMLE Step 1 are reported to that student's medical school, unless that student requests otherwise.

15. With respect to the allegations contained within paragraph 15 of Plaintiff's Complaint, Defendant admits that individuals may request, and may be provided with, accommodations on the USMLE Step 1 exam, but denies that Plaintiff has been appropriately diagnosed with a learning disability.

15784.00001 67910.1

16. With respect to the allegations contained within the first sentence of paragraph 16 of Plaintiff's Complaint, Defendant admits only that in January, 2003, Plaintiff applied to take the USMLE Step 1. With respect to the allegations contained within the second sentence of paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff requested test accommodations, but denies that he is disabled. With respect to the allegations contained within the third sentence of paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

17. With respect to the allegations contained within the first sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that it has denied Plaintiff's request for an accommodation for the USMLE Step 1 and states that the letter dated March 27, 2003, is the best evidence of what was stated in that letter. With respect to the allegations contained within the second sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff was issued a Step 1 exam permit to take that exam in May through July of 2003, admits that it denied Plaintiff's request for an accommodation, but denies that Plaintiff is disabled. With respect to the allegations contained within the third sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that it (or anyone on its behalf) has not personally examined, met with, or interviewed Plaintiff, but denies that it has not independently evaluated documentation submitted by or on behalf of Plaintiff.

information either to admit or deny such allegations, but denies that Plaintiff has a disability. With respect to the allegations contained within the third sentence of paragraph 22 of Plaintiff's Complaint, Defendant admits that successful completion of the USMLE, including Step 1, is generally required for medical licensure, denies that Plaintiff has an ADA disability and is without sufficient information either to admit or deny the remainder of such allegations.

23. Defendant is not required either to admit or deny the statement contained in paragraph 23 of Plaintiff's Complaint.

24. With respect to the allegations contained within paragraph 24 of Plaintiff's Complaint, Defendant denies such allegations.

25. With respect to the allegations contained within paragraph 25 of Plaintiff's Complaint, Defendant denies that Plaintiff has made the appropriate statutory cite but admits that Title III of the ADA prohibits discrimination against persons with disabilities in certain professional examinations, including the USMLE Step 1.

26. With respect to the allegations contained within paragraph 26 of Plaintiff's Complaint, Defendant admits that 42 U.S.C. § 12189 applies in the context of this lawsuit because Defendant is an entity which offers the USMLE Step 1 examination.

27. With respect to the allegations contained within paragraph 27 of Plaintiff's Complaint, Defendant admits that 28 C.F.R. § 36.309(b) is one of the regulations the Department of Justice issued to implement Title III of the ADA, denies that Plaintiff has precisely quoted that regulation, denies that Plaintiff is disabled, and admits that an

accommodation which may be offered to persons disabled under the ADA is more time to complete the Step 1 exam.

28. With respect to the allegations contained within paragraph 28 of Plaintiff's Complaint, Defendant denies such allegations.

29. With respect to the allegations contained within the first sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the second sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits the Department of Justice has issued regulations that include "learning" and "working" within the definition of major life activities but denies the accuracy of the authority cited by Plaintiff. With respect to the allegations contained within the third sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits only that "reading" and "writing" may be major life activities protected by the ADA. With respect to the allegations contained within the fourth sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits only that Plaintiff has accurately cited the quoted portion of Appendix B to Part 36 of Title 28 of the Code of Federal Regulations.

30. With respect to the allegations contained within paragraph 30 of Plaintiff's Complaint, Defendant denies such allegations.

31. With respect to the allegations contained within the first sentence of paragraph 31 of Plaintiff's Complaint, Defendant admits such allegations are typically correct with respect to practicing medicine but not with respect to being a medical doctor. With respect to the allegations contained within the second sentence of paragraph 31 of

Plaintiff's Complaint, Defendant admits that individuals must typically pass the USMLE exams, among other things, in order to practice medicine in the United States, but is without sufficient information either to admit or deny whether the level of performance on the USMLE is a "primary determinant" of a candidate's job opportunities for residency. With respect to the allegations contained within the third sentence of paragraph 31 of Plaintiff's Complaint, Defendant denies that Plaintiff's entire future livelihood as a medical doctor rests on this particular July 2, 2003 exam.

32. With respect to the allegations contained within the first sentence of paragraph 32 of Plaintiff's Complaint, Defendant admits that Plaintiff has made a written request for an accommodation in connection with taking the Step 1 exam, denies that Plaintiff has a disability, and admits that it has accommodated certain individuals with disabilities by providing them additional time to take the Step 1 exam. With respect to the allegations contained within the second sentence of paragraph 32 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the third sentence of paragraph 32 of Plaintiff's Complaint, Defendant admits only that it has granted accommodations in the past to disabled individuals in connection with the Step 1 exam.

33. With respect to the allegations contained within paragraph 33 of Plaintiff's Complaint, Defendant denies such allegations.

34. With respect to the allegations contained within paragraph 34 of Plaintiff's Complaint, Defendant denies such allegations.

15784.00001 67910 1

35. With respect to the allegations contained within paragraph 35 of Plaintiff's Complaint, Defendant denies such allegations.

36. With respect to the allegations contained within the first sentence of paragraph 36 of Plaintiff's Complaint, Defendant denies such allegations. Defendant admits the allegations contained within the second sentence of paragraph 36 of Plaintiff's Complaint. With respect to the allegations contained within the third sentence of paragraph 36 of Plaintiff's Complaint, Defendant denies such allegations.

37. With respect to the allegations contained within paragraph 37 of Plaintiff's Complaint, Defendant denies such allegations.

38. With respect to the allegations contained within paragraph 38 of Plaintiff's Complaint, Defendant denies such allegations.

39. With respect to the allegations contained within paragraph 39 of Plaintiff's Complaint, Defendant denies such allegations and denies that Plaintiff is entitled to the requested relief.

40. With respect to the allegations contained within paragraph 40 of Plaintiff's Complaint, Defendant denies such allegations and denies that Plaintiff is entitled to the requested relief.

41. Defendant is not required either to admit or deny the statement contained in paragraph 41 of Plaintiff's Complaint.

42. With respect to the allegations contained within the first sentence of paragraph 42 of Plaintiff's Complaint, Defendant denies such allegations. With respect to

15784.00001 67910.1

the allegations contained within the second sentence of paragraph 42 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of his requested relief.

43. Defendant is not required either to admit or deny the statement contained in paragraph 43 of Plaintiff's Complaint.

44. With respect to Plaintiff's "request" or "prayer" portion of his Complaint, Defendant denies that Plaintiff is entitled to any of the requested relief and denies that it is not in compliance with the ADA in regard to its actions relating to Plaintiff.

45. Any allegation contained in Plaintiff's Complaint that is not specifically admitted above is hereby specifically denied.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing from Defendant and that Defendant recover its attorneys' fees, costs, expenses and other relief to which it is entitled.

SIGNED this 16th day of June, 2003.

Respectfully submitted,

GIBSON, OCHSNER & ADKINS, LLP
  Thomas C. Riney – TBN 16935100
  Stephen H. Dimlich, Jr. – TBN 05879550
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271; Fax (806) 378-9797

By _____
      Thomas C. Riney

ATTORNEYS FOR DEFENDANT
NATIONAL BOARD OF MEDICAL
EXAMINERS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Original Answer is being served upon counsel of record by hand delivery this 16th day of June, 2003, as follows:

> John Mozola
> Vincent E. Nowak
> Brad A. Chapman
> MULLIN HOARD & BROWN, LLP
> 500 South Taylor, Suite 800
> Amarillo, TX 79101

*/s/ Thomas C. Riney*
Thomas C. Riney