

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES AVERY RUSH, IV

    Plaintiff,

v.                                                          Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

## MEMORANDUM OF LAW IN OPPOSITION TO AFFIDAVITS

**To the Honorable United States District Court Judge Mary Lou Robinson:**

Plaintiff files his memorandum of law in opposition to the proffered affidavits of Joseph Bernier and Samuel Ortiz (the "Affidavits") and respectfully states the following:

**1. The Affidavits are Hearsay.** Federal Rule of Evidence 801(c) provides that "'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Further, the basic command of Rule 802 is that "[h]earsay is not admissible...." Fed R. Evid 802. The proffered affidavits clearly meet the definition of hearsay. They are statements by these experts made not while testifying at the hearing, and the statements are only relevant for the truth of what they assert. Thus, under Rule 802, the affidavits are inadmissible.

**2. Factual Issues at Preliminary Injunction Should Not be Decided on Affidavits.** The case law is clear that affidavits going directly to controverted fact issues are not proper evidence at a preliminary injunction hearing. *Scott v. Davis,* 404 F.2d 1373, 1375 (5th Cir. 1968). When the affidavits relate to controverted issues, the facts should be tested in the "crucible of oral and cross-examination." Id.

Moreover, as the Second Circuit noted:

> [M]otions for preliminary injunction should not be resolved on the basis of affidavits that evince disputed issues of fact. ... When a factual issue is disputed, oral testimony is preferable to affidavits."

*Davis v. New York City Housing Auth.,* 166 F.3d 432, 437-38 (2d Cir. 1999) (citations omitted).

**3. The Affidavits are Cumulative.** Defendant presented two psychologists at the hearing to testify that plaintiff does not have a learning disability. The Affidavits contain similar testimony, thus making them cumulative. Fed. R. Evid 403.

**4. The Affidavits Fail to Provide the Basis of the Expert Opinions.** The affidavits lack any description of the how and why behind the data analysis and, ultimately, the experts' conclusions. As there is no opportunity for cross-examination on these critical issues, the opinions are improper. *See General Electric v. Joiner*, 522 U.S. 136, 144 (1997).

**5. It is Unfair to Plaintiff to Admit the Affidavits.** Defendant has had since January, 2003, to procure expert opinions as to whether plaintiff suffers from a learning disability. To present the affidavits on the day of the hearing, denying plaintiff any meaningful opportunity to examine the facts and opinions set forth in the affidavits, is patently unfair. Because plaintiff was denied the opportunity to test the opinions in "the crucible of oral and cross-examination," the affidavits should not be admitted.

WHEREFORE, James Avery Rush, IV, respectfully prays that this Court exclude the Affidavits from consideration on Rush's Motion for Preliminary Injunction, and for such other relief as the Court deems just and to which Rush is otherwise entitled.

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.372.5086 (Fax)

*/s/ V E Nowak*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on June 17th, 2003, a true and correct copy of the above and foregoing Motion for Preliminary Injunction was served on counsel for the Defendant via hand delivery, addressed as follows:

Thomas C. Riney
Gibson, Ochsner & Adkins,
701 S. Taylor
Suite 500
Amarillo, Texas 79101

*/s/ V E Nowak*