IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 17 2003
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| JAMES AVERY RUSH, IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. 2-03CV-0140J |
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW REGARDING AFFIDAVITS IN PRELIMINARY INJUNCTION PROCEEDINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

The Court has requested that the parties present the Court with memoranda addressing whether the Court may consider affidavits in deciding Plaintiff's Motion for Preliminary Injunction. At the hearing on Plaintiff's Motion for Preliminary Injunction, NBME offered the affidavits of two of its experts, Joseph Bernier, Ph.D., and Samuel O. Ortiz, Ph.D. Plaintiff's counsel objected to these affidavits, arguing that the Court should not consider these affidavits on the grounds that they constituted inadmissible hearsay and that the witnesses were not subject to cross-examination. As set forth in the Fifth Circuit precedent below, the Court can consider Defendant's expert affidavits in deciding Plaintiff's Motion for Preliminary Injunction. Therefore, the Court should overrule Plaintiff's objection.

In *Federal Savings and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987), the Fifth Circuit rejected Plaintiff's argument that affidavits cannot be considered in deciding a motion for preliminary injunction. In *Dixon*, defendants objected to the use of affidavits at a

preliminary injunction proceeding and argued that the trial court erred in relying upon affidavits that contained hearsay. *Id.* at 558. The Fifth Circuit rejected this argument and recognized "the propriety of hearsay evidence" in preliminary injunctive proceedings:

> **Affidavits and other hearsay materials are often received in preliminary injunction proceedings.** The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, **including the need for expedition**, this type of evidence was appropriate given the character and objectives of the injunctive proceeding.

*Id.* (citing *Asseo v. Pan American Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986)(emphasis added).

The Fifth Circuit reaffirmed *Dixon* in *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993), which was a mandatory preliminary injunction case, and stated as follows:

> [A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence. **Thus, the district court can accept evidence in the form of deposition transcripts and affidavits.**

*Id.* (citing *Federal Savings and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558-559 (5th Cir. 1987).

Affidavits are appropriate on a preliminary injunction motion. 11A CHARLES ALLAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2949 at 215 (citing *Wounded Knee Legal Defense/Offense Comm. v. FBI*, 507 F.2d 1281, 1287 (8th Cir. 1974)("[i]n order to overcome the problems that would be created in attempting to gather the necessary witnesses, it has often been held that affidavits may be received at a hearing on a motion for preliminary injunction.").

At the hearing, Plaintiff's counsel cited *Davis v. New York City Housing Authority*, 166 F.3d 432 (2d. Cir. 1999). However, Plaintiff's reliance on *Davis* is

misplaced. In *Davis*, the district court conducted an evidentiary hearing on plaintiffs' motion for preliminary injunction based solely on written evidence. *Id.* at 437 and n. 11. The Second Circuit noted that the district court, in making findings regarding the preliminary injunction order, relied solely on the affidavits of experts. In remanding the case, the Second Circuit stated as follows:

> **[W]hile affidavits may be considered on a preliminary injunction motion,** motions for preliminary injunction should not be resolved on the basis of affidavits that evince disputed issues of fact. [Citation omitted]. **When a factual issue is disputed, oral testimony is preferable to affidavits**. [Citation omitted.]

*Id.* at 437-38. First, the Second Circuit's statement in *Davis* above is not controlling authority in this District and is inconsistent with the Fifth Circuit's clear rule established in *Dixon,* 835 F.2d at 558, and *Sierra Club,* 992 F.2d at 551, which allows affidavits to be introduced as evidence in a motion for preliminary injunction. Second, *Davis* is distinguishable from the facts of the present case because, unlike the district court in *Davis*, which conducted an evidentiary hearing based only on written evidence, the Court has allowed a full evidentiary hearing wherein Plaintiff has called experts to provide oral testimony. Finally, *Davis* does not hold that affidavits cannot be considered by the district court – *Davis* merely holds that '[w]hen a factual issue is disputed, oral testimony is preferable to affidavits." *See id.* at 437-38. Defendant agrees; unfortunately, due to the short notice of hearing date, which is inherent in a preliminary injunction proceeding, Defendant was unable to obtain the attendance of Drs. Bernier and Ortiz in Amarillo on June 16 and 17, despite its diligent efforts.

Accordingly, based on the Fifth Circuit cases cited herein, Plaintiff's objection to Defendant's expert affidavits should be overruled and the Court may consider Defendant's expert affidavits in determining Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

GIBSON, OCHSNER & ADKINS, LLP
  Thomas C. Riney – TBN 16935100
  Stephen H. Dimlich, Jr. – TBN 05879550
701 South Taylor, Suite 500
Amarillo TX 79101-2400
(806) 372-4271
(806) 378-9797 FAX

By _____
       Thomas C. Riney

ATTORNEYS FOR DEFENDANT
NATIONAL BOARD OF MEDICAL
EXAMINERS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Memorandum of Law is being served upon counsel of record by hand delivery this 17th day of June, 2003, as follows:

  John Mozola
  Vincent E. Nowak
  Brad A. Chapman
  MULLIN HOARD & BROWN, LLP
  500 South Taylor, Suite 800
  Amarillo, TX 79101

_____
Thomas C. Riney