Case 2:03-cv-00140-J   Document 32   Filed 10/08/03   Page 1 of 14   PageID 168



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES AVERY RUSH, IV

    Plaintiff,

v.                                     Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND SUPPORTING BRIEF

### I. Motion to compel.

A.    **As to Defendant's responses to interrogatories and document requests:** Plaintiff, James Avery Rush, IV, moves the Court for an order pursuant to Rule 37, Federal Rules of Civil Procedure, to compel Defendant to provide answers and responsive documents to interrogatories and requests for production of documents propounded by Plaintiff to Defendant. The responses which are the subject of this motion are contained in Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant, served September 8, 2003 and Defendant's Responses to Plaintiff's First Request for Production of Documents to Defendant, also served on September 8, 2003. Copies of these are attached as Exhibits "A" and "B". [1]

B.    **As to Defendant's response to Plaintiff's corporate deposition notice:** Plaintiff also moves the Court to order Defendant to produce witnesses to respond to items 2, 3, 4, 6, 9, 10, and 11 of Plaintiff's corporate deposition notice to Defendant attached as Exhibit "C". A draft of this notice was furnished to Defendant's counsel on September 19, 2003, and Defendant's counsel advised Plaintiff's

---

[1] In a telephone conference between counsel for the parties on October 7, 2003, counsel for Defendant stated that Defendant would not waive any objections to any discovery request, but there were responses in which Defendant had produced all responsive documents currently located despite the objections. Defendant's counsel further stated that he may inform Plaintiff's counsel in writing of all the responses which meet this description. If he does, Plaintiff will amend this motion to delete any part of it that is rendered moot by this action.

counsel on October 7, 2003, that it would not produce witnesses to respond to the items listed in the preceding sentence. For the reasons stated in support of its request for expedited determination of this motion, Plaintiff files this motion as to the deposition notice before Defendant files its objections. Plaintiff's counsel understands that Defendant's objections to the notice are primarily addressed to relevance.

## II. Request for expedited determination of motion.

Because of the anticipation of a January trial setting in this case, Plaintiff moves the Court to expedite the resolution of this motion by shortening Defendant's response date to 7 days. Defendant responded to the discovery requests identified in paragraph I. A above on September 8, 2003. On September 19, 2003, Plaintiff's counsel furnished Defendant's counsel a letter summarizing Plaintiff's objections to Defendant's responses and a draft of the corporate deposition notice referred to in paragraph I. B above. Thus, Defendant has had notice of the grounds for this motion for approximately 20 days before filing of the motion. The depositions of Defendant's witnesses and corporate depositions of Defendant have been scheduled tentatively for November 4-5, 2003. Plaintiff requests the Court to rule on this motion by October 20, 2003, so that Plaintiff will receive the requested information in time to use for the depositions scheduled for November 4th and 5th and because of the existing schedule of counsel, it will be difficult to reschedule these depositions.

## III. Defendant's relevancy objections.

Plaintiff below discusses Defendant's relevance objections to various discovery requests. This discussion demonstrates that Defendant refuses to furnish discovery on the basic issues in this case, which justifies an order levying attorneys' fees against Defendant.

### A. Corporate deposition on subjects relating to how Defendant constructs its tests.
1. **Defendant's objections.**

Defendant has objected to the following items in the corporate deposition notice:

| | | |
|---|---|---|
| Deposition Notice No. 2: | - | Reasons for time limitations on tests and whether they are reasonable. |
| Deposition Notice No. 3: | - | Whether tests are reading comprehensive neutral. |
| Deposition Notice No. 4: | - | Amount of time a person of average reading ability needs for tests. |
| Deposition Notice No. 9 & 10: | - | Whether tests administered to Plaintiff and others reflected the aptitude rather than the impairment of the applicants. |
| Deposition Notice No. 11: | - | Identity of documents concerning areas of inquiry in the notice. |

2. **Why the requested discovery is relevant:**

Plaintiff is a third year student at Texas Tech Medical School who must pass tests administered by Defendant in order to graduate from medical school and be licensed as a medical doctor. This case involves questions of whether Plaintiff is disabled for purposes of the ADA with respect to the major life activity of reading, and if so, what reasonable accommodation Defendant is required to provide Plaintiff on the tests administered by Defendant.

Plaintiff is disabled if his reading impairment restricts his reading as to the condition, manner, or duration in comparison to most people. 28 C.F.R. pt 36. APP. B.

As to Defendant's obligation to provide reasonable accommodations, the Americans with Disabilities Act states: "Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for post-secondary education, professional, or trade purposes shall offer such examinations in a place and manner accessible to persons with disabilities or offer alternative assessable arrangements for such individuals." 46 U.S.C. §12189. Further, pursuant to 28 C.F.R. §36.309(b), if Plaintiff is disabled, the National Board of Medical Examiners must assure that any examination is selected and administered so as to best ensure that the examination results accurately reflect Plaintiff's aptitude or achievement level (or whatever other factors the examination purports to measure), rather than reflecting

any of his impaired reading skills. If Plaintiff has a disability, the National Board of Medical Examiners must make "reasonable accommodations to the known physical or mental limitations..." of Plaintiff, unless the National Board of Medical Examiners can demonstrate that the accommodation would impose an undue hardship on the operation of its business. 42 U.S.C. §1211(b)(a)(A).

Thus, Defendant has a statutory obligation to ensure that the tests administered to Plaintiff, if he is reading disabled, reflect Plaintiff's achievement level in various areas of medicine, rather than his reading disability. The manner in which Defendant has constructed its tests is directly relevant to whether Defendant's tests allow Plaintiff to demonstrate his achievement level. This is the exact subject of items #9 and #10 of the deposition notice (whether tests administered to Plaintiff and others reflect the aptitude rather than the impairment of the applicants). Specifically, Plaintiff, who reads more slowly than most people, is entitled to discover how Defendant has determined that the time limits on the tests allow reading disabled persons to demonstrate their achievement levels, rather than their disabilities. Deposition item #2 (reasons for time limits on tests) and #4 (amount of time normal reader needs to complete tests) are directly related to this issue.

Defendant offered testimony at the temporary injunction hearing that its tests were designed to be reading comprehension neutral e.g. (that the tests are not designed to test reading comprehension) and argued that giving Plaintiff extra time would give him an unfair advantage. Plaintiff is entitled to discover how Defendant made the determination that its tests are reading comprehension neutral and whether Plaintiff is given an advantage by being allowed more than normal time on the tests. See #2 (reasons Defendant has time limitations and the reasonableness of the limitations).

### B. Discovery requests concerning Defendant's handling of requests for accommodations for applicants other than Plaintiff.

1. **Defendant's objections**:

Defendant has objected to the following discovery requests on the basis of relevance:

| | | |
|---|---|---|
| <u>Interrogatory No. 5:</u> | - | Instances where Defendant has granted accommodations to persons less disabled than Plaintiff. |
| <u>Interrogatory No. 8:</u> | - | Instances where Defendant has granted extra time. |
| <u>Request No. 1:</u> | - | Instances of Defendant's experts recommending extra time for an applicant for a test. |
| <u>Request No. 5 & 6 and</u> <u>Deposition Notice No. 6:</u> | - | Number of accommodations for alleged reading, writing and learning disabilities requested and number granted by Defendant. |
| <u>Request No. 7:</u> | - | Names of consultants reviewing requests for accommodations on behalf of Defendant. |
| <u>Request No. 15:</u> | - | Decisions of Defendant to grant extra time to applicants other than Plaintiff. |
| <u>Request No. 16:</u> | - | Number of requests for accommodations for extra time and accommodations granted. |

2. **Why the requested discovery is relevant.** At the hearing on Plaintiff's motion for temporary injunction, Defendant volunteered that it did grant accommodations for extra time, in an attempt to show its alleged neutrality and objectivity in evaluating Plaintiff's request for accommodations. The inference was that if Plaintiff were in fact disabled, Defendant would grant accommodations. The information requested in the discovery requests summarized above may show that Defendant has granted few accommodations in relation to the number of accommodations requested or that Defendant has granted accommodations to persons whose disabilities are less pronounced than Plaintiff's. Either of these creates a logical inference that Defendant's refusal to grant an accommodation to Plaintiff is based on an inaccurate determination that Plaintiff is not disabled. If Defendant has been inconsistent in the manner in which it determines requests for accommodations, that fact also creates a logical inference that Defendant's determination of Plaintiff's application is inaccurate. See *Bartlett* at headnote 8, where the court considered evidence of the inconsistency of the method of New York State Board of Law in determining requests for accommodations on the bar exam.

### C. Requests concerning criteria Defendant uses to make determinations under ADA.

1. **Defendant's objections**:

   Defendant has objected to the following requests:

   Request No. 2:  - How Defendant determines whether a person is entitled to extra time on tests.

   Request No. 3:  - Criteria Defendant uses to determine whether one seeking extra time has a reading disability.

   Request No. 4:  - Criteria used by Defendant to determine whether an accommodation of extra time is appropriate.

2. **Why the requested information is relevant:**

   46 U.S.C. §12189 prohibits discrimination in professional examinations against persons with disabilities. As the administrator of the U.S. Medical Licensing Examination, Defendant is subject to 46 U.S.C. §12189. Pursuant to 28 C.F.R. §36.3099b), Defendant must assure that the results of that examination accurately reflect Plaintiff's aptitude or achievement level rather than Plaintiff's impaired skills. Defendant cannot in good faith claim that its criteria for making this determination is not relevant. Though Defendant has identified some documents in response to the discovery requests summarized above, its answers clearly indicate it has not produced all responsive documents.

### C. Request concerning Defendant's files on Plaintiff.

1. **Defendant's objections**:

   Defendant has objected to the following requests:

   Request No. 8:  - Defendant's files on Plaintiff.

2. **Why the requested information is relevant:**  It is incomprehensive that Defendant contends that its files on Plaintiff are not relevant, given that the only transactions Plaintiff has had with Defendant concern the issues in this case. Though Defendant has identified some documents in response to this request, Defendant does not state that all relevant documents have been produced.

### IV. Chart of objections.

Defendant objects to most of the discovery requests on grounds other than relevance, and many of those objections are boilerplate. The following chart summarizes Defendant's objections to Plaintiff's discovery response as to which Plaintiff files this Motion to Compel:

Defendant's Objections*

| Interrogatory # | Description of the discovery request | Relevance | Time period | Vague, broad or ambiguous | Burdensome | Privilege | Confidentiality | Discovery is ongoing | Consulting expert | Custody or control |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | Instances where Defendant has granted accommodations to persons less disabled than Plaintiff. | √ | | √ | √ | | √ | | | √ |
| 8 | Instances Defendant has granted extra time. | √ | √ | √ | √ | | | | | |
| 11, 12 | Qualifications and administration of test by Dr. Egerton, Plaintiff's expert. | | | | | | | √ | | |
| 21 | Discussions of increasing amount of time on tests. | √ | | | | √ | | | √ | |

Defendant's Objections*

| Document Request # | Description of the discovery request | Relevance | Time period | Vague, broad or ambiguous | Burdensome | Privilege | Confidentiality | Discovery is ongoing | Consulting expert | Custody or control |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Instances of Defendant's experts recommending extra time. | √ | √ | √ | √ | | | | √ | √ |
| 2 | How Defendant determines requests for accommodations. | √ | √ | √ | √ | | | | | |

---

* The check in a column indicates Defendant has asserted the objection at the top of that column to the discovery request shown in column.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3 | Criteria for granting extra time. | √ | √ | √ | √ | | √ | | |
| 4 | Criteria for accommodations. | √ | √ | √ | √ | | √ | | |
| 5, 6 | Number of accommodations granted by Defendant. | √ | | √ | √ | √ | | | |
| 7 | Names of consultants reviewing requests for accommodations. | √ | | √ | √ | √ | | √ | √ |
| 8 | Defendant's files on Plaintiff. | √ | | | √ | | √ | | |
| 9 | Defendant's evaluation of Plaintiff's request for accommodation. | | | | | √ | | √ | |
| 10 | Basis for disagreement with Plaintiff's expert Egerton. | | | √ | √ | | √ | | |
| 11 | Purpose for time limit on tests. | | √ | √ | √ | √ | | √ | |
| 12 | Determination of time limits on tests. | | | √ | √ | √ | | √ | |
| 13 | Advantage to those receiving extra time on tests. | | | √ | | | √ | | |
| 14 | Lawsuits concerning Defendant's tests. | √ | √ | √ | √ | | | | |

8

Defendant's Objections

| Document Request # | Description of the discovery request. | Relevance | Time period | Vague, broad or ambiguous | Burdensome | Privilege | Confidentiality | Discovery is ongoing | Consulting expert | Custody or control |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 | Defendant's decision to grant extra time to applicants other than Plaintiff. | √ | | √ | √ | | √ | | | |
| 16 | Number of requests to Defendant for accommodations and number granted. | √ | | √ | √ | | √ | | | |
| 17 | Whether time allowed for tests facilitates measurement by test of applicant's mastery of subject matter. | | | √ | | | | √ | | |
| 19 | Resume of consulting experts where work is relied on by testifying experts. | | | | | | | | √ | |
| 21 | Documents provided to consulting experts where work is relied upon by experts. | | | | | | | | √ | |
| 22 | Documents relied upon by experts. | | | √ | | | | | | |
| 23 | Facts supporting expert opinions. | | | | | | | √ | | |
| 24 | Documents provided to consulting expert where opinion is relied upon. | | | | | | | | √ | |
| 27 | Documents related to Plaintiff. | | | √ | √ | √ | | | | |
| 28 | Documents related to Egerton. | | | √ | √ | √ | | | | |
| 29 | Documents related to Deshler, Plaintiff's expert | | | √ | √ | √ | | | | |
| 30 | Documents related to Glass. | | | √ | √ | √ | | | | |

## V. Discussion of boilerplate objections.

In order to expedite the consideration of this motion by the Court, Plaintiff will globally discuss objections which Defendant has raised in response to several discovery requests:

### A. Objection that Plaintiff's discovery requests are unlimited as to time.

**Plaintiff's response:** Plaintiff will agree to limit all discovery requests to the time period subsequent to January 1, 1998.

### B. Objection of vague, broad, or ambiguous.

**Plaintiff's response:** Defendant asserts this objection to seventeen discovery requests, but not even on one occasion does Defendant state the specific manner in which the request is vague, broad or ambiguous. It is clear theses objections are frivolous.

### C. Objection of burdensome.

**Plaintiff's response:** Defendant should be required to provide a explanation for the burden required in producing the requested documents in order to allow the Court to make a reasoned evaluation of the objection.

### D. Objections based on attorney/client and work product privilege.

**Plaintiff's response:** To the extent that Defendant has responses to Plaintiff's document requests that are subject to any privilege, Defendant should be required to provide a privilege log which describes the documents in sufficient detail in order for Plaintiff to determine whether the documents are in fact privileged.

### E. Claims of confidentiality.

**Plaintiff's response:** To the extent that Defendant has objected to any request on the basis that the requested information constitutes confidential information of Defendant or third parties, Plaintiff is willing to enter a confidentiality agreement. Additionally, for documents pertaining to applicants who requested accommodations on the Step 1, 2 or 3 tests from Defendant, Plaintiff is willing for the privacy rights of those applicants to be protected by use of same code. This was the method used in *Bartlett v. New York State Board of Law Examiners*, 2001 W.L. 930792 at headnote 20 (S.D. N.Y. 2001), a case involving issues similar to this case. In that case, the files of applicants other than the plaintiff were numbered, such as "Applicant 57."

### F. Objection that discovery is ongoing.

**Plaintiff's response:** Defendant uses this objection apparently as an excuse for not now producing responsive documents or responding to interrogatories.. The mere fact that Defendant may in the future have additional responsive documents or additional information responsive to an interrogatory

does not relieve it of its burden of now responding to discovery requests based on all responsive information currently in its possession.

**G. Objection concerning consulting witness privilege.**

**Plaintiff's response:** Plaintiff agrees that Defendant is not required to provide any documents created by an expert who has been retained solely for the purpose of litigation and who will not testify at the trial of the case. However, to the extent that any testifying expert of Defendant has relied upon the work or opinions of a non-testifying expert, Defendant should be required to produce all documents in the possession of the non-testifying expert which are responsive to the discovery request.

**H. Objection that documents are not in Defendant's possession or control.**

**Plaintiff's response:** Rule 34(a) of the Federal Rules of Civil Procedure requires a party to produce documents which are in its possession, custody or control. It is not clear whether Defendant claims it should not produce information in the possession of persons with whom Defendant has contracted, such as expert witnesses or persons hired to evaluate Plaintiff's request for accommodation. If so, Defendant should be ordered to produce those documents.

## VI. Plaintiff's objections to non-responsive answers of Defendant.

Plaintiff objects to the following responses of Defendant which are not responsive to the request:

| | | | |
|---|---|---|---|
| (a.) | Interrogatory No. 10: | - | The answer does not clearly state whether the Woodcock Johnson test is reliable. |
| (b.) | Interrogatory No. 15: | - | The answer does not state all evidence concerning the effect of extra time on the performance of applicants. It merely states that there is evidence. |
| (c.) | Interrogatory No. 17: | - | The interrogatory inquires of the score on the Woodcock Johnson test which Defendant accepts as demonstrating a reading disability. Defendant responds that no score is, in and of itself, determinative of a learning disability. If there is a score which Defendant considers, with other factors, as indicative of a disability, Defendant should be required to identify that score. |
| (d.) | Interrogatory No. 21: | - | Defendant does not state whether the committee members identified in response to the interrogatory have in fact considered increasing the amount of time, or reducing the number of questions on tests, which is what the interrogatory asks. |

### VII. Objections to Defendant's answers in which Defendant agrees to produce some documents.

Plaintiff objects to various answers to same discovery requests which describe some responsive documents, but fail to state specifically (i) whether Defendant is relying on its stated objections, (ii) whether the identified documents are all documents responsive to the request; and (iii) whether Defendant will produce all responsive documents.

Plaintiff moves the Court to shorten the time for Defendant to respond to this motion to 7 days and that, upon consideration of the motion, the Court overrule Defendant's objections to the discovery requests identified above, sustain Plaintiff's objections to Defendant's discovery responses identified in Paragraph VI and VII above, and order Defendant to answer the interrogatories and produce the documents requested and to state whether Defendant is withholding responsive documents as described in paragraph VII above. In addition, Plaintiff prays for all relief allowed by Rule 37, including attorney's fees of at least $2,500.00.

DATED: October 8, 2003

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.372.5086 (Fax)

*John Mozola*
_____
*Attorneys for Plaintiff, James Avery Rush, IV*

## CERTIFICATE OF CONFERENCE

On September 19, 2003, counsel for Plaintiff furnished counsel for Defendant a summary of Plaintiff's objections to Defendant's discovery responses stated in Plaintiff's Emergency Motion to Compel. On October 2, 2003 counsel for Defendant said Defendant would not agree that all its objections would be withdrawn, (though it may later agree to some) and Plaintiff should file the motion. See footnote 1 concerning the conference of counsel on October 7, 2003. In that conference, counsel for Defendant stated that he would not agree to an expedited determination of this motion.

_____
John Mozola, Counsel for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on October __8__, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

Thomas C. Riney
Attorney at Law
701 S. Taylor
Suite 500
Amarillo, Texas 79101

_____
JOHN MOZOLA

## CERTIFICATE OF SERVICE

This is to certify that on October __8__, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

> Thomas C. Riney
> Attorney at Law
> 701 S. Taylor
> Suite 500
> Amarillo, Texas 79101

*[signature: John Mozola]*
JOHN MOZOLA

14