UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

JAMES AVERY RUSH, IV

    Plaintiff,

v.                                Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

## PLAINTIFF'S SECOND MOTION TO COMPEL

In Plaintiff's Emergency Motion to Compel and Supporting Brief, filed on October 8, 2003, Plaintiff omitted to include one discovery request objected to by Defendant. In Interrogatory No. 22 of Plaintiff's First Set of Interrogatories to Defendant, Plaintiff asks Defendant to list those expert witnesses identified by Plaintiff who Defendant contends are not qualified to render opinions under the standard of *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, and to state why the expert is not qualified. The Defendant objects on the basis of work product and that the interrogatory requires Defendant to marshal all of its evidence and proof it intends to offer. Plaintiff moves the Court to overrule this objection. The interrogatory is proper in that it requires Defendant to disclose its contentions concerning the merits of expert testimony to be offered by Plaintiff. It is unfair for Defendant to be able to ignore this interrogatory and, after discovery is closed, to raise contentions concerning the merits of Plaintiff's expert testimony. Defendant seeks the opportunity to lie behind the log to preserve its ability later to take "pot shots" at Plaintiff's expert testimony. This is not within the spirit or purpose of the federal rules.

WHEREFORE, Plaintiff prays that Defendant's objection to Interrogatory No. 22 be denied and that Defendant be ordered to respond forthwith.

DATED:  October 10, 2003                Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas  79120-1656
806.372.5050
806.372.5086 (Fax)

_____
Attorneys for Plaintiff, James Avery Rush, IV

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, Plaintiff's counsel conferred with the Defendant's counsel, and no agreement could be reached.

_____
John Mozola, Counsel for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on October _10_, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

> Thomas C. Riney
> Attorney at Law
> 701 S. Taylor
> Suite 500
> Amarillo, Texas 79101

_____
JOHN MOZOLA