UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED

    OCT 1 4 2003

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

JAMES AVERY RUSH, IV

    Plaintiff,

VS.                          Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL
EXAMINERS

    Defendant.

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the subscribing

parties through their respective counsel, subject to the approval of the Court, that pursuant

to Fed.R.Civ.P. 26(c), the following Protective Order be entered:

IT IS HEREBY ORDERED THAT:

1. ~~All documents produced by a party in discovery proceedings in the above entitled action shall be used only for the purpose of this litigation and not for any business or other purpose whatever.~~

2. Any document, or portion thereof, and any other form of ~~pleading, motion, brief, evidence or~~ discovery contemplated under the Federal Rules of Civil Procedure (e.g.,

interrogatory answers, responses to requests for admission or requests for production,

deposition transcripts, exhibits, or affidavits) or any information furnished to the other party

which ~~may~~ contains ~~confidential~~ privileged information or trade secret information (hereinafter

"Confidential Information") may be designated as Confidential Information which shall be

15784.00001 80067 1

subject to the terms and restrictions of this Protective Order.  "Confidential Information" subject to this Protective Order shall mean ~~information not generally known to the public.~~ *privileged information and trade secrets.*

3.   Information may be designated as Confidential Information as follows:

(a)   Written information, documents or copies provided by one party to another may be designated as Confidential Information by marking the initial page and all following pages "CONFIDENTIAL."

(b)   In lieu of marking the original of a document prior to inspection by the other party, producing counsel may orally designate documents being produced for inspection as Confidential Information, thereby making them subject to this Order; however, each copy of such documents must be marked "CONFIDENTIAL" at the time they are supplied to inspecting counsel in order to make such copies subject to this Order.

(c)   Information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents or consultants, or of any expert, may be designated by a party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order.  Alternatively, the party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that

2

are to be designated "CONFIDENTIAL."  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control.  All depositions shall be treated as confidential from the taking of the depositions to twenty (20) days after receipt of the transcript by outside counsel for the parties, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(d)     In the case of the responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such filings "CONFIDENTIAL."

(e)     Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "CONFIDENTIAL."

4.     Counsel for the receiving party at any time may object to selected documents or categories of documents which are designated "CONFIDENTIAL."  If the objection cannot be resolved by the parties, then counsel for the receiving party may move the Court for resolution, though the party claiming confidentiality has the burden of proof.

5.     (a)     Information and materials designated as "CONFIDENTIAL," and any analysis or report pertaining thereto shall be made available only to, and only

3

inspected by, the Court, court reporters, lawyers, legal assistants and clerical personnel of counsel to any party to this action, a party's insurers, claims administrators and auditors, and by employees, officers and directors of each party who agree to be bound by this order, subject to paragraph (b) below.

(b)    Confidential information may be disclosed by counsel to non-parties not related to or affiliated with any party (hereinafter "non-party") who are retained by counsel to furnish technical or expert services or to give testimony with respect to the subject matter thereof, provided such persons agree, in advance, to be bound by this Stipulated Protective Order and to use such information and materials solely for purposes of this litigation and not to disclose any such information or materials to any other person, firm or concern.  Counsel for the receiving party shall provide each non-party a copy of this Order and shall obtain a signed acknowledgement of that review, in the form annexed hereto, before disclosing confidential information to that person.

6.    In the event that counsel or a party deems it necessary to disclose any Confidential Information from the other party to any person not specified in paragraph 5, the counsel shall notify outside counsel for the producing party, in writing, of (a) the information or documents sought to be disclosed, and (b) the person(s) to whom such disclosure is sought to be made.  If a producing party has a valid ground for objection to disclosure of the identified Confidential Information to that person(s), then counsel for the producing party must state in writing his objection and the grounds for the objection to the party seeking to disclose the information within ten days after receipt of the written notification referred to above.  If no objections are made within this ten day period, then

4

the Confidential Information may be disclosed to the person(s) subject to the recipient's signing an affidavit in the form attached to this agreement.   However, no Confidential Information may be disclosed to the person(s) until after the ten day period for objection has elapse.   Further, no Confidential Information may be disclosed to the person(s) until any objection is resolved except as noted hereafter.   If the objection cannot be resolved by the parties, the party seeking to the disclosure may bring the matter before the Court for resolution within ten days after receipt of the written notification referred to above. 7.

Confidential Information shall not be filed with the Clerk of the Court except when required in connection with matters pending before the Court.   The Clerk of the Court is directed to maintain under seal all information, documents, objects and other materials, *except for pleadings,* filed with the Court that have been designated by a party to this action as "CONFIDENTIAL."   To assist the Clerk, any document or object a party wishes to have placed under seal pursuant to this Order shall be filed with the Clerk's Office in a sealed envelope or other appropriate seals contained on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope [container] contains documents [objects] that are filed in this case by [name of party], and is not to be opened, nor are the contents thereof to be displayed or revealed, except by order or under the direction of the Court.

8.       Nothing in this Order shall prevent a party from using Confidential Information or materials designated "CONFIDENTIAL" at trial, during a hearing, or

15784 00001 80067 1

other court proceeding in this matter. ~~However, the party using such information or material must request that the portion of the proceeding where said use is made shall be held outside of the public or in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 6 hereof, with access thereto limited to outside counsel for the parties.~~

9.     Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this action, all documents, objects and other materials produced or designated as "CONFIDENTIAL," and other materials produced or designated as "CONFIDENTIAL," and all reproductions thereof, shall be returned to the producing party, or in the case of copies bearing any attorney's notes or the like, shall be destroyed.  However, counsel for a party shall be permitted to retain in their files a copy of all papers and documents filed with the Court in connection with this action.

10.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or for any other grounds provided by the Federal Rules of Civil Procedure or applicable law.

11.     This Stipulated Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither this entry into this stipulation nor the designation of any information, document, or the like as "CONFIDENTIAL," nor the failure to make such designation, nor the disclosure of information pursuant to this Order shall constitute evidence with respect to any issue in this action, and shall not constitute an admission regarding the relevancy or admissibility of the Confidential Information disclosed hereunder.

15784 00001 80067 1

12.     Agreement to this order is without prejudice to any party seeking an Order from this Court imposing further protections or restrictions on the dissemination of confidential documents or seeking to rescind, modify, alter or amend this Order with respect to specific documents.

13.     The provisions of this Stipulation shall, absent written permission of the producing party or further order of this Court, continue to be binding after the conclusion of the action.

14.     Nothing contained herein shall restrict in any manner the use of any party of its own documents, information or materials.

SO ORDERED, As modified by the Court.

DATED: _10/14/03_          _M̶a̶l̶l̶y̶ ̶L̶u̶u̶ ̶R̶o̶b̶i̶n̶s̶o̶n̶_
                                             United States District Judge

Consented to:

Dated: _10/9/03_          _John Mozola_
                                             John Mozola
                                             Brad Chapman
                                             Vincent E. Nowak
                                             Mullin Hoard & Brown, L.L.P.
                                             P.O. Box 31656
                                             Amarillo, Texas
                                             (806) 372-5050
                                             (806) 372-5086
                                             Attorneys for Plaintiff James Avery Rush, IV

7

Dated: _October 8, 2003_   _____
Thomas C. Riney

Gwinn & Roby
701 South Taylor, Suite 500
Amarillo, Texas 79101
(806) 378-9722
(806) 378-9797
Attorney for National Board of Medical
Examiners

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES AVERY RUSH, IV,      )
                              )
          Plaintiff,      )
                              )
VS.                        )      NO. 2-03CV-0140J
                              )
NATIONAL BOARD OF MEDICAL   )
EXAMINERS,                )
                              )
         Defendant.     )

## AGREEMENT TO STIPULATED PROTECTIVE ORDER

My name is _____.

My address is _____.

My telephone number is _____.

My involvement in the above styled case is _____.

I anticipate being furnished documents or other information pursuant to the Stipulated Protective Order in the above styled case, a copy of which is attached to this agreement.

I agree to be bound by the Stipulated Protective Order concerning information furnished to me that is subject to the order, including that I will use the information solely for purposes of this litigation and will not disclose the information to any unauthorized person.

_____

(Signature)

SUBSCRIBED AND SWORN TO before me, the undersigned notary public by _____, on this _____ day of _____, 2003.

_____

Notary Public