# ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

OCT 1 4 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 2-03CV-0140J |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE AND SUPPORTING BRIEF IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO COMPEL**

NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME"), Defendant

herein, submits this Response and Supporting Brief in Opposition to Plaintiff's

Emergency Motion to Compel and shows the Court as follows:

## I.

## INTRODUCTION

On October 10, 2003, Plaintiff served NBME with his Second Motion to Compel

regarding NBME's objections to Interrogatory No. 22 in Plaintiff's First Set of

Interrogatories to Defendant. Interrogatory No. 22 provides as follows:

> **INTERROGATORY NO. 22**: Please list those expert witnesses (if any)
> identified by Plaintiff whom you contend are not qualified to render
> opinions under the standards set forth in *Robinson v. E.I. DuPont de
> Nemours*, 923 S.W.2d 549 (Tex. 1995) or *Daubert v. Merrell Dow
> Pharms.*, 509 U.S. 579, or in any subsequent opinions by the Supreme
> Court of Texas or the U.S. Supreme Court which you contend extends the
> holds of *Robinson* or *Daubert*.
>
> **ANSWER**: NBME objects to this Interrogatory because it seeks to
> invade the attorney work product of NBME's counsel, seeks trial
> preparation materials, and seeks to require NBME to marshal all of its
> evidence and proof it intends to offer regarding whether or not any expert

witness identified by Plaintiff is qualified to render opinions under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579.

Plaintiff's Second Motion to Compel moves the Court to overrule NBME's objections, claiming the interrogatory:

> . . . is proper in that it requires Defendant to disclose its contentions concerning the merits of expert testimony to be offered by Plaintiff. It is unfair for Defendant to be able to ignore this interrogatory and, after discovery is closed, to raise contentions concerning the merits of Plaintiff's expert testimony. Defendant seeks the opportunity to lie behind the log to preserve its ability to take "pot shots" at Plaintiff's expert testimony.

For the reasons described below, the Court should deny Plaintiff's Second Motion to Compel because it improperly seeks the disclosure of the "core" or "opinion" attorney work product of NBME's counsel that is not subject to discovery.

## II.

## BACKGROUND

A. On September 18, 2003, the Court issued its Amended Rule 16 Scheduling Order providing that parties seeking affirmative relief must provide Rule 26(a)(2) disclosures to all other parties by October 20, 2003. Parties opposing affirmative relief must provide Rule 26(a)(2) disclosures to all other parties by November 7, 2003.

B. On September 30, 2003, Plaintiff filed his Amended Designation of Expert Witnesses. In that designation, Plaintiff listed 8 experts as follows: (1) Mark D. White; (2) David R. Egerton, Ph.D.; (3) Donald D. Deshler; 4) Nancy Mather, Ph.D.; 5) Robert M. May; 6) William J. Kleinpeter, III, Ph.D.; 7) Steven C. Schneider, Ph.D.; and 8) Noel Gregg, Ph.D.

C. Plaintiff has produced reports of 3 of its experts: David R. Egerton, Ph.D.; William J. Kleinpeter, III, Ph.D.; and Steven C. Schneider, Ph.D. However, NBME does

not know whether these reports are the reports that Plaintiff intends to produce pursuant to its obligations under Rule 26(a)(2), which are due on October 20, 2003. Moreover, at this time, NBME has not yet received any report from 3 of Plaintiff's experts; 1) Robert M. May; 2) Nancy Mather, Ph.D.; and 3) Noel Gregg, Ph.D. As a result, NBME has not had an opportunity to take a full discovery deposition of each of Plaintiff's experts.

## III.

## ARGUMENTS AND AUTHORITIES

A.  **Plaintiff's Second Motion to Compel should be denied because it seeks disclosure of "core" or "opinion" attorney work product, which is not discoverable.**

The work product doctrine is governed by a uniform federal standard set forth in FED.R.CIV.P. 26(b)(3) and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Securities Litigation,* 343 F.3d 658, 661-662 (3d. Cir. 2003)(citing *United States v. Nobles*, 95 S.Ct. 2160 (1975)). Rule 26(b)(3) provides in pertinent part:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of <u>documents and tangible things</u> otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. <u>In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.</u>

(Emphasis added).

The Supreme Court articulated the essential nature of the doctrine in *Hickman:*

> In performing his various duties, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy <u>without undue and needless interference</u>. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondences, briefs, <u>mental impressions, personal belief, and countless other tangible and intangible ways</u>-aptly though roughly termed ... as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. <u>An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop</u> in the giving of legal advice and in the preparation of cases for trial.

*Id.* at 662 (citing *Hickman v. Taylor*, 67 S.Ct. 385, 393 (1947)). "Discovery [however] was hardly intended to enable a learned profession to perform its functions ... on wits borrowed from the adversary." *Hickman*, 67 S.Ct. at 396 (Jackson, J. concurring); *Nguyen v. Excel Corp.*, 197 F.3d 200, 210-211 (5th Cir. 1999)(reversing magistrate judge's order allowing deposition inquiring into counsel's understanding of defendant's perceptions and permitting inquiry into counsel's opinions).[1] In *Nguyen v. Excel Corp.*, the Fifth Circuit cited the following proposition from 6 MOORE'S FEDERAL PRACTICE § 26.70 [2][c], at 26-209 favorably:

> "[C]ourts have protected <u>an attorney's thoughts, mental processes, strategy, and opinions</u> from disclosure, regardless of the discovery method employed.... Courts have continued to apply *Hickman* to prevent circumventing the work product doctrine by attempting to elicit an attorney's thought processes through depositions or interrogatories."

197 F.3d at n. 34, 211 (emphasis added).

---

[1] In reversing the order of the magistrate, the Fifth Circuit held that "[a]n attorney's thoughts [are] <u>inviolate</u>...." *Id* at 210 (emphasis added). The Fifth Circuit stated that "[e]ven though an attorney's mental impressions and opinions fall outside of the attorney-client privilege, they also 'fall outside the arena of discovery [as their disclosure would] contravene the public policy underlying the orderly prosecution and defense of legal claims." *Id.* (quoting *Hickman*, 67 S.Ct. 385).

The work product immunity was created to protect trial preparation materials that could reveal an attorney's evaluations and strategy about the case. *See Hickman,* 67 S.Ct. at 393; *see also U.S. v. Adlman,* 68 F.3d 1495, 1501 (2d Cir. 1995)(the work-product exemption is intended to "establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation"). An attorney's opinion work product consists of the mental impressions, conclusions, opinions, or legal theories of an attorney of a party. F. R. CIV. P. 26(b)(3).

Work product protection extends to both tangible and intangible work product. *In re Cendant,* 343 F.3d at 662. "[*H*]*ickman v. Taylor* continues to furnish protection for work product within its definition that is not embodied in tangible form.... Indeed, since intangible work product includes thoughts and recollections of counsel, it is often eligible for the special protection accorded opinion work product." *Id.*

However, the work product doctrine is not an absolute bar to discovery of materials prepared in anticipation of litigation. *Id.* a 663. Work product material can be produced upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *Id.* "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* (citing FED.R.CIV.P. 26(b)(3)(emphasis added).

Thus, Rule 26(b)(3) provides that, "even if the party seeking discovery of information otherwise protected by the work product doctrine has made the requisite

showing of need and undue hardship, courts must still protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney and his agents." *Id.* "Stated differently, Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, 'core' or 'opinion' work product that encompasses the 'mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation' is 'generally afforded near absolute protection from discovery.'" *Id.* (emphasis added). "Thus, core or opinion work product receives greater protection than ordinary work product and is discoverable only upon a showing of rare and exceptional circumstances." *Id.* (emphasis added).

In *Upjohn v. United States*, 101 S.Ct. 677, the Supreme Court declined to establish a rule for discovery of core or opinion work product, noting that "some courts have concluded that no showing of necessity can overcome protection of work product which is based on oral statements from witnesses" and that other courts in "declining to adopt an absolute rule have nonetheless recognized that such material is entitled to special protection." *Id.* Although the Supreme Court refused to decide the issue at that time, "the Court took an expansive approach to the work product doctrine, explaining that 'such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship. While we are not prepared at this juncture to say that such material is always protected by the work-product rule, we think a far stronger showing of necessity and unavailability ... would be necessary to compel disclosure.'" *Id.* at 664 (emphasis added). The language of Rule 26(b)(3) which provides that a court, in ordering discovery once a showing of need and hardship has

been made, "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party." *Id.* (citing FED.R.CIV.P. 26(b)(3)).

"[O]pinion work product protection is not absolute, but requires a heightened showing of extraordinary circumstances. *Id.* (citing *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.1985)("Opinion work product ... is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases."); *accord In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015 (1st Cir.1988)("Courts typically afford ordinary work product only a qualified immunity, subject to a showing of substantial need and hardship, while requiring a hardier showing to justify the production of opinion work product.")).

Under *Hickman* and *Nguyen*, NBME's counsel's strategies, impressions, conclusions, beliefs and legal opinions concerning the identity of Plaintiff's testifying experts, if any, that NBME may conclude are not qualified to render opinions under *Daubert v. Merrell Dow Pharms,* clearly constitute "core" or "opinion" attorney work product. Accordingly, the Court should deny Plaintiff's Second Motion to Compel because Interrogatory No. 22 constitutes an invasion of the mental impressions, opinions, legal theories and trial strategies of NBME's counsel, and therefore constitutes attorney work product that is not discoverable.

15784.00001 80484.1

Respectfully submitted,
GWINN & ROBY
Thomas C. Riney – TBN 16935100
Christopher W. Weber – TBN 00797640
701 South Taylor, Suite 500
Amarillo, Texas 79101-2400
(806) 372-4271
FAX: 378-9797

By _____
         Thomas C. Riney

ATTORNEYS FOR DEFENDANT
NATIONAL BOARD OF MEDICAL
EXAMINERS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Response and Supporting Brief in Opposition to Plaintiff's Second Motion to Compel is being served upon counsel of record by hand delivery this 14th day of October, 2003, as follows:

> John Mozola, Esq.
> Vincent E. Nowak, Esq.
> Brad A. Chapman, Esq.
> MULLIN, HOARD & BROWN, L.L.P.
> 500 S. Taylor, Suite 800
> Amarillo, Texas 79101

_____
         Thomas C. Riney