IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 15 2003
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 2-03CV-0140J |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PROTECTIVE ORDER OF DEFENDANT,
NATIONAL BOARD OF MEDICAL EXAMINERS
AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") moves the Court to enter a Protective Order under FED. R. CIV. P. 26(c) that NBME is not required to produce a representative for deposition on several matters set forth in Plaintiff's First Amended Notice of Deposition to Defendant.

**I.**

**INTRODUCTION**

On October 9, 2003, Plaintiff served a First Amended Notice of Deposition of Defendant upon NBME (attached as Exhibit "A"). In the notice, Plaintiff seeks to take the deposition of a representative of NBME on several subject matters relating to the United States Medical Licensing Examination ("USMLE"), including the following:

3. Whether the Step 1 and Step 2 tests are reading comprehension neutral and what Defendant has done to determine that the tests administered since January 1, 1998 are reading comprehension neutral.

4. The amount of time Defendant estimates that a person of average reading comprehension ability would need to read and comprehend the Step 1 or Step 2 tests given to applicants in any year after 1997.

6. For the time period after January 1, 1998, the number of applicants for the Step 1 or Step 2 tests who requested accommodations and the number and type of accommodations granted.

9. Whether the Step 1 test taken by Plaintiff near the beginning July of 2003 (or any Step 1 tests administered by Defendant in 2003) was selected and administered in a manner that accurately reflects his individual aptitude or achievement level rather than any specific impairment he may have.

10. Whether the Step 1 tests administered by Defendant at any time after January 1, 1998 were selected and administered in a manner that accurately reflects the individual aptitude or achievement level of persons whom Defendant acknowledges have reading, writing, or learning disabilities rather than the specific impairments of those persons.

12. How the questions on the Step 1 test administered to Plaintiff near the beginning of July 2003 were selected, and how the passing score was determined.

13. The identity of all documents concerning items 1-6 and 8-12. For item 7, Defendant need only identify representative documents.

NBME objects to deposition notice item numbers 3, 4, 6, 9, 10 and 12 because Plaintiff seeks information that is not relevant to the claim or defense of any party. *See* FED. R. CIV. P. 26(b)(1). Moreover, NBME objects to these deposition notice items

because the requested information seeks disclosure of confidential trade secrets of NBME.

Item number 13 seeks the identification of documents responsive to each request set forth in the Notice. Accordingly, item 13 is objectionable because Plaintiff seeks documents that are irrelevant to the claim or defense of any party and confidential trade secrets of NBME. Additionally, the request is overly broad, unduly burdensome, and the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the importance of the issues at stake and the importance of the proposed discovery in resolving the issues. NBME further objects to request number 13 as applied to deposition subject matters 6 and 10 because it seeks disclosure of confidential and personal information concerning individuals who are not parties to this suit, and the disclosure of such information unnecessarily invades the privacy rights of these persons.

NBME also objects to the definition of "documents" set forth in the Amended Notice. The term as defined by Plaintiff is overly broad, unduly burdensome, and the burden and expense of producing such "documents" outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the importance of the issues at stake, and the importance of the proposed discovery in resolving the issues.

## II.

## PLAINTIFF IS NOT ENTITLED TO DISCOVERY RELATING TO THE APPLICATIONS, FILES AND RECORDS OF OTHER STUDENTS WHO TOOK THE USMLE

**A.   The discovery sought relating to non-party applicants, applications, files and records is not relevant.**

The confidential records and files of other non-party applicants cannot prove or disprove any of Plaintiff's claims, cannot prove or disprove that Plaintiff has a reading disability and cannot prove or disprove that NBME made an incorrect decision in denying Plaintiff's application for accommodation. Plaintiff seeks information relating to applicants who requested accommodation, the accommodations granted (item 6), test results of individuals with reading, writing or learning disabilities (item 10) and documents relating to such individuals (item 13).

Information on other applicants is not relevant because the ADA mandates an "individualized inquiry" into whether Plaintiff is disabled. *Sutton v. United Airlines*, 119 S.Ct. 2139, 2147 (1999). The Court should not order the discovery of other applicants' private and confidential information because doing so would contravene the Supreme Court's directive to perform an individualized assessment. The U.S. Supreme Court has made clear, by requiring an "individualized inquiry," that the only evidence relevant to the issue of whether Plaintiff is disabled is evidence of Plaintiff's own disability. *Id.* Plaintiff must prove he is disabled and entitled to accommodation through his own particular facts and circumstances, and not through those pertaining to other persons.

If the Court allows discovery of such information, it will be necessary for the parties to fully and completely litigate the factual circumstances underlying each medical student's case, and thereby completely subsume the relevant issues in this case with a flood of collateral issues. Any discussion of other individual's applications for accommodation and how NBME handled such applications would certainly divert attention from the issues at bar and waste judicial time and resources. Given the irrelevance of the information sought, NBME is entitled to a protective order.

**B.    The disclosure and production of non-party information would violate the privacy interests of third parties.**

Compelling the production of private information and records raises serious privacy concerns of non-parties, particularly in light of the information's non-relevance. Plaintiff seeks discovery of the medical and academic records of thousands of other medical students who have requested accommodations for alleged disabilities over the past five years. These records contain confidential and personal information, and producing such information would violate the privacy rights of two separate groups of people: the students who requested accommodations on the USMLE (and submitted private medical data in confidence to support their requests), as well as the persons who submitted, in confidence, supporting documentation for those medical students' requests.

It is undisputed that the information Plaintiff seeks to discover is sensitive, private information relating to the medical history, mental health history, academic record and/or alleged disabilities of thousands of applicants for accommodation from virtually every

state and jurisdiction in the United States. The records sought by Plaintiff will include academic information, including standardized test scores, educational background, personal statements, medical evaluations, medical and mental test reports and expert opinions as to the nature and extent of each applicant's alleged disability, if any – all of which constitutes extremely sensitive and private information. Such information is protected under state and federal law. *See, e.g.,* TEX. R. EVID. 509(c)(1), (2) and (4); TEX. R. EVID. 509(f)(1) and (2); TEX. R. EVID. 509(f)(3); TEX. R. EVID. 510; TEX. OCC. CODE ANN. §§159.002 and 159.003; TEX. HEALTH & SAFETY CODE ANN. §§241.151(2) and 242.152; 42 U.S.C. §1320d-2. Because the private information sought by Plaintiff will not materially advance Plaintiff's case, the privacy interests of others support entry of a protective order.

C.  **The discovery sought is unduly burdensome and unnecessarily expensive.**

Plaintiff's deposition notice (items 6, 10 and 13) seeks records regarding non-parties from January 1, 1998 to present. During this period, the NBME has received more than 3,300 requests for accommodation in general on the USMLE, and over 2,000 requests for accommodation regarding learning disabilities, which include reading disabilities. In order for NBME to comply with Plaintiff's request in a manner that would reasonably minimize the violation of non-parties' privacy rights (such as thoroughly redacting the numerous documents contained in each person's file) would place an extraordinary and expensive burden on NBME, which clearly outweighs the discovery's likely benefit, taking into account the needs of the case, the amount in controversy, the

importance of the issues at stake, and the importance of the proposed discovery in resolving the issues. Assuming an average of 4.5 hours per file for copy and redaction for each of the approximately 3,300 applications would require an estimated 14,850 hours of staff time. Assuming an average hourly rate of $ 28.00 per hour for an NBME staff assistant would result in an estimated cost of $415,800 to NBME. Assuming only the files of applicants with a stated diagnosis of learning disability are produced (estimated amount is approximately 2,000) would require an estimated 8,973 hours of staff time at a cost of $251,244. The undue burden and expense NBME will suffer in complying with the discovery requests at issue is set forth in detail in the affidavit of Carol Morrison-Featherman, Ph.D., attached hereto as Exhibit "B" and incorporated by reference herein. Upon consideration of the irrelevant nature of the discovery sought, the implicated privacy concerns and the burden and expense of complying with the request, this Court should enter the protective order.

### III.

### PLAINTIFF IS NOT ENTITLED TO DISCOVERY RELATING TO THE CONSTRUCTION AND VALIDITY OF THE USMLE BECAUSE THE DISCOVERY IS NOT RELEVANT AND CONSTITUTES CONFIDENTIAL TRADE SECRET INFORMATION OF NBME

The construction and validity of the USMLE is not relevant because Plaintiff has not challenged or raised the validity of the USMLE in his Complaint. Plaintiff seeks information relating to the "reading comprehension neutral" nature of the exam (item number 3), the average reading comprehension ability of applicants (item number 4), the exam's measurement of Plaintiff's individual aptitude or achievement level (item number

9), the exam's measurement of the individual aptitude of others with reading, writing or learning disabilities (item number 10), the determination of questions and the passing grade for the exam (item number 12), and documents relating to each of these listed numbers (item number 13).

The discovery sought is not relevant to the narrow issues in this case, i.e., whether Plaintiff is disabled and whether he is entitled to reasonable accommodation under the ADA. Plaintiff has not asserted in his Complaint that the substance or content of NBME's tests discriminate against him or that its examinations do not accurately reflect Plaintiff's aptitude or achievement level and instead measure Plaintiff's allegedly impaired reading disability. The information Plaintiff requests regarding the construction and validity of the tests will not go to prove or disprove Plaintiff's claim that he has a reading disability, and will not prove or disprove whether NBME incorrectly determined Plaintiff's application. Therefore, the construction, purpose and validity of the USMLE is not relevant to any claim or defense of any party, nor would such issues be pertinent to Plaintiff's ADA claim.

Furthermore, the information and documents are also protected from disclosure as confidential trade secrets. NBME maintains the secrecy of the underlying data and purpose of its examinations, and seeks to protect this confidential and proprietary information from disclosure.

## IV.

## CONCLUSION

Given the undue burden and unnecessary expense to NBME in complying with the requests at issue based on the sheer number of applicants, the large volume of files and records and information to be located, collected and sorted, the amount of time and labor required to locate, collect, sort and redact the records, and the fact that the information sought is irrelevant and trade secret information of NBME, the Court should grant Defendant's Motion for Protective Order.

          Respectfully submitted,

          GWINN & ROBY
            Thomas C. Riney, TBN: 16935100
            Christian D. Stewart, TBN: 24013569
          701 South Taylor, Suite 500
          Amarillo, Texas 79101-2400
          (806) 372-4271; Fax (806) 378-9797

          By _____
              Thomas C. Riney

          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

On October 13, 2003, the undersigned conferred by telephone and e-mail with John Mozola, counsel for Plaintiff, in a reasonable effort to resolve this matter without the necessity of Court intervention. No agreement could be reached and this matter is therefore submitted to the Court for consideration.

_____
Christopher W. Weber

Case 2:03-cv-00140-J   Document 39   Filed 10/15/03   Page 10 of 10   PageID 241

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the *Motion for Protective Order of Defendant, National Board of Medical Examiners and Brief in Support* was, this 15TH day of October, 2003, served upon counsel of record by hand delivery, addressed as follows:

    John Mozola, Esq.
    Vincent E. Nowak, Esq.
    Brad A. Chapman, Esq.
    MULLIN HOARD & BROWN, LLP
    500 South Taylor, Suite 800
    Amarillo, Texas  79101

_____
Thomas C. Riney