UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

JAMES AVERY RUSH, IV

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

Civil Action No. 2-03CV-0140J

## PLAINTIFF'S REPLY BRIEF ON
## PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff, James Avery Rush, IV replies to Defendant's Response and Supporting Brief in Opposition to Plaintiff's Second Motion to Compel, as follows:

**I.   The interrogatory in question is a contention interrogatory which is allowed by the Federal Rules.**

The interrogatory in question is simply a contention interrogatory which attempts to discover, at the earliest time possible, Defendant's contentions concerning the qualifications of Plaintiff's experts. An interrogatory of this nature is sanctioned by Rule 33(c) of the Federal Rules of Civil Procedure, which provides in part:

> "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the Court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference of other later time."

As to the use of interrogatories generally to discover conclusions or opinions, WRIGHT & MILLER state that "…there is no longer any automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contention." WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2167, at p. 247.

## II. Contention interrogatories are permitted even though they may require the disclosure of work product.

Contention interrogatories allowed by the Federal Rules require a party, for instance, to identify facts supporting certain contentions of the party even though the identification of those facts supporting a party's contention may involve the work product and mental processes of that party's attorney. Defendant relies on Rule 26(b)(3), which addresses discovery of the mental impressions and legal theories of attorneys. WRIGHT & MILLER state the following as to this rule:

> "This portion of rule 26(b)(3) must be read in harmony with rules 33(b) and 36(a), which, as amended in 1970, allow interrogatories or admissions involving opinions or contentions that relate to fact or the application of law to fact. **Interrogatories and requests for admissions of this type do require the attorney to disclose, to some extent, mental impressions, opinions and conclusions**, but he or she is entitled to keep confidential documents containing these matters that have been prepared for internal use." (Emphasis added.)

8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 2026 pp. 404 - 405 (1994). WRIGHT & MILLER further state that a court may require disclosure of strategic decisions as part of its general case management plan pursuant to Rule 16, such as requiring parties taking depositions to reveal a list of exhibits to be utilized during the questioning five days before the depositions. Id. In support of this proposition, the authors quote language from In re San Juan Dupont Plaza Hotel Fire Litigation, 859 Fed. 2d 1007, 1015 (1st Cir. 1988) that **"not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as opinion work product,"** and that the information disclosed would in any event become known during the taking of the deposition so that the court's order "merely adjusts the timing of disclosure."

### III. Defendant should not be allowed to protect from discovery its objection to Plaintiff's experts until Defendant makes a strategic decision that those objections will be disclosed.

Defendant at some point will disclose its objections to the qualifications of Plaintiff's experts, if it has objections. Plaintiff is merely attempting to obtain that information at the earliest time possible to avoid being blindsided by Defendant. Defendant should not be allowed to rely on an exemption from discovery for a period of time and then to disclose the information at a time that best suits its strategic needs.

Although Defendant did not object to the interrogatory in question on the basis that it is premature, Defendant obviously is not required to respond until it has received the expert reports and resumes of the experts. Expert reports are due on October 20, 2003. Therefore, the Court should set a reasonable time after October 20, 2003, for Defendant to respond.

WHEREFORE, Plaintiff prays that Defendant's objection to Interrogatory No. 22 be denied and that Defendant be ordered to respond in a reasonable time after receiving Plaintiff's expert reports.

DATED: October 16, 2003

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas  79120-1656
806.372.5050
806.372.5086 (Fax)

*John Mozola*
*Attorneys for Plaintiff, James Avery Rush, IV*

## CERTIFICATE OF SERVICE

This is to certify that on the **16th** day October, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

Thomas C. Riney
GWINN & ROBY
701 S. Taylor
Suite 500
Amarillo, Texas 79101

*John Mozola*
JOHN MOZOLA