IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED
      NOV 10 2003
CLERK, U.S DISTRICT COURT
By _____
            Deputy
```

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV | § § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | 2:03-CV-140-J |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § § | |
| DEFENDANT. | § | |

### ORDER

On October 21, 2003, the Court reconvened the hearing on discovery issues raised by Plaintiff's October 10, 2003, motion to compel and Defendant's October 15, 2003, motion for a protective order. The Court ruled on these motions as set forth in the attached hearing transcript. The Court further ruled that all *Daubert* motions must be filed by the January 26, 2004, deadline for all other motions except motions *in limine*.

It is SO ORDERED.

Signed this the ___10th___ day of November, 2003.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT  OF TEXAS
                         AMARILLO DIVISION


JAMES AVERY RUSH, IV,          *
                               *
    Plaintiff,                 *
                               *
VS.                            *    CAUSE NO. 2:03-CV-140-J
                               *
NATIONAL BOARD OF MEDICAL      *
EXAMINERS,                     *
                               *
    Defendant.                 *


================================================================

                      CHAMBERS CONFERENCE

                       OCTOBER 21, 2003

                        AMARILLO, TEXAS

                        VOLUME I OF I

================================================================


    On the 21st day of October, 2003, a Chambers Conference in the above-entitled and numbered cause came on to be heard before the **Honorable Mary Lou Robinson**, United States District Judge for the Northern District of Texas, presiding.




Proceedings reported by mechanical stenography; transcript produced by computer.
```

Stacy Mayes Morrison
Official Court Reporter

```
15          THE COURT:  All right.  You're entitled to know
16   how the test is structured in the sense of the number of
17   questions that are normally in the test; the amount of time
18   given for different sections; the type of questions
19   generally asked, and I'm not talking about the medical
20   knowledge asked for, but the way the questions are
21   presented; and the manner in which it's generally
22   administered, which I understand is usually by computer.
23   You're entitled to those.
24          You are entitled to know what their experience has
25   been with people who say that they are not able to complete
```

1  the test and what percentage of them can complete the test.
2  I will not require disclosure of how they determine the
3  subject matter contents to the various sections, but you
4  need -- you're entitled to an expert that will do those
5  things.
6         In connection with their experience, I think you
7  certainly can go beyond that and ask them to what extent
8  that they think then that tells you about whether or not
9  the test is testing the subject matter or whether it is
10 testing reading ability and how it impacts people with
11 lesser reading ability.  Beyond that, I won't order a
12 disclosure in that connection.
13        Now, your next -- your next category developed
14 was, you were wanting to know about the number of people
15 that had taken the test and what accommodations that were
16 offered.  I think that the -- you're entitled to know how
17 many took the test, how many were given accommodations for
18 reading disabilities, and the nature of those
19 accommodations.  You're entitled to know the standards
20 applied in granting the accommodations and the factors
21 considered in granting the accommodations.
22        I will not order the production of all those
23 individual cases in which accommodations were granted for
24 examination, but you need to have someone who is generally
25 avail -- generally familiar with the overall process, not

1  with individual cases, so they can tell you how those
2  standards are applied.  So you're entitled -- and that may
3  be one or more expert witnesses.
4      Now, I think that generally covers our discovery
5  matter.  Is there something else that you --