**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DEC 19 2003
CLERK
By

JAMES AVERY RUSH, IV,        )
                             )
          Plaintiff,         )
                             )
VS.                          )   NO. 2-03CV-0140J
                             )
NATIONAL BOARD OF MEDICAL    )
EXAMINERS,                   )
                             )
          Defendant.         )

### DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME"), Defendant, respectfully submits this response and brief in opposition to Plaintiff's Motion for Leave to Amend Complaint and shows as follows:

**I.**

**NATURE OF SUBSTANTIAL CHANGES IN PROPOSED AMENDED COMPLAINT**

Plaintiff has filed a motion for leave to amend his Original Complaint to include: (a) a request that the Court declare that substantially different accommodations for the USMLE Step 1 and Step 2 tests as described in the proposed amended complaint are reasonable and (b) a request for injunctive relief for reasonable accommodations on both the Step 1 and Step 2 tests. (Plaintiff's Motion for Leave to Amend Complaint at ¶ 1, page 1). In support of his motion for leave to amend, Plaintiff erroneously states that his Original Complaint "sought relief only for the Step 1 test . . . ." (Id.). Paragraph 40 of Plaintiff's Original Complaint, however, prays for broader relief, i.e, a permanent injunction regarding accommodation for future USMLE Step examinations, which the Court may chose to act upon to the extent such issues are ripe for adjudication and otherwise

justiciable. For the reasons described below, the Court should deny Plaintiff's motion for leave to amend his original complaint.

**A.   Plaintiff's Request for Accommodation under Title III of the ADA has Substantially Changed from Double Time to Unlimited Time and a Non-Standard Test.**

1.   On May 23, 2003, Plaintiff filed an Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial ("Original Complaint"), alleging that Plaintiff is an individual with a disability as defined by 42 U.S.C. 12102(2), the Americans with Disabilities Act ("ADA"), and that NBME discriminated against Plaintiff and violated Title III of the ADA, 42 U.S.C. §12189 by refusing to provide Plaintiff with his requested accommodation of additional time to take the U.S. Medical Licensing Examination ("USMLE") Step 1 test. A true and correct copy of Plaintiff's Original Complaint is attached hereto as Exhibit "A."

2.   Specifically, Plaintiff's Original Complaint requested **emergency** preliminary injunctive relief ordering NBME to immediately allow Plaintiff the accommodation of double the standard time in which to take the USMLE Step 1 examination. (Exhibit "A" at page 12).

3.   On June 16 and 17 2003, the Court conducted a two-day evidentiary hearing on Plaintiff's request for a preliminary injunction. During this hearing, Plaintiff's attorney argued, and Plaintiff's expert testified, that Plaintiff would fail the USMLE Step 1 test if not given the accommodation of double time. (Transcript of Preliminary Injunction Hearing, p. 7, lines 11-14; p. 72, lines 9-11). At the hearing, Plaintiff's counsel stated that "granting this accommodation will allow Jave to use his aptitude, his intelligence, to pass the test, rather than his impairment which is a learning disability. (Transcript of Preliminary Injunction Hearing, p. 7, line 25, p. 8, lines 1-4). Plaintiff's expert also testified that Plaintiff was entitled to double the amount of time to take the test because of his alleged disability. (Transcript of Preliminary Injunction Hearing, p. 287, lines 1-4). By order dated June 20, 2003, the Court granted the emergency preliminary injunctive relief

Defendant's Response and Brief in Opposition
To Plaintiff's Motion for Leave to Amend Complaint – Page 2

82166

requested by Plaintiff and ordered NBME to allow Plaintiff double the standard amount of time to take the USMLE Step 1. In compliance with the Court's Order, NBME allowed Plaintiff to take the USMLE Step I test on July 2, 2003 with the accommodation of double time.

4. After having taken the USMLE Step 1 with the requested accommodation of double time, Plaintiff now seeks leave from the Court to amend his complaint and request one or more of the following **entirely new accommodations** on any future USMLE Step 1 or Step 2 test:

   a. Providing an **oral test** with short questions propounded by persons knowledgeable in the subject areas to be tested, with Plaintiff providing oral responses. **The test would not be the same as the test administered to applicants without reading disabilities**.

   b. Providing a reader for the tests.

   c. Providing extra time or unlimited time on the tests in half-day sessions followed by at least 18 hours of rest time.

   d. A separate room for Plaintiff.

   e. Providing **unlimited time** on the tests in **half-day sessions followed by at least 18 hours of rest time**.

(Exhibit "A" at pages 5-6, paragraph 18)(emphasis added).

5. Significantly, Plaintiff's Motion for Leave to Amend Complaint provides no reasons or justifications whatsoever to explain why Plaintiff now seeks the above accommodations, rather than the previously requested and granted accommodation of double time. It is important to note that the USMLE is a nation-wide, standardized examination and that the new accommodations that Plaintiff seeks are unprecedented, unreasonable and encompass fundamental alterations of the examinations. NBME has not provided a candidate with an alleged reading disability the accommodations of unlimited time in half-day sessions followed by at least 18 hours of rest time, or an oral examination that is different from the standard examination.

6. On October 31, 2003, the Court issued its Second Amended Rule 16 Scheduling Order setting February 23, 2004 as the trial readiness date and February 6, 2004 as the discovery deadline. Based on the history of the case and considering the late stage of the proceedings, allowing Plaintiff to "play the game" of completely changing his accommodation claims from double time to the bizarre array of unreasonable and onerous accommodations described above would not comport with the interests of justice. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend Complaint.

### B. Plaintiff's Proposed Amended Complaint Contains an Improper and Unnecessary Declaratory Judgment Action in Light of Title III Remedies.

1. Plaintiff's proposed amended complaint contains an entirely new request for a declaration under 28 U.S.C. §2201 *et seq.*, the Declaratory Judgment Act, "that the accommodations in paragraph 18 above are reasonable for the purposes of the ADA." (Plaintiff's Exhibit 1 at page 11).

2. The United States Supreme Court has held that although Rule 57 of the Federal Rules of Civil Procedure[1] "permits declaratory relief although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided." *Katzenbach v. McClung*, 379 U.S. 294, 29-96, 85 S.Ct. 377, 379 (1964). Declaratory relief is improper in a situation where a comprehensive statutory scheme has been established and a particular pattern of judicial remedy has been prescribed. *Holiday Inns of America, Inc. v. Holiday House, Inc.*, 279 F.Supp. 648, 649 (D.C. Pa. 1968); *Marchwinski v. Oliver Tyrone Corp.*, 461 F.Supp. 160, 173 (D.C.

---

[1] FED. R. CIV. P. 57 provides in relevant part: "The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate...."

Pa., 1978); *see also Person v. U.S. Dept. of Agriculture*, 593 F.Supp. 1054, 1057-59 (D.C. Wis. 1984); *Frommert v. Conkright*, 206 F.Supp.2d 435, 441 (W.D. N.Y. 2002).

3. Title III of the ADA establishes a comprehensive statutory scheme and statutory remedies that exclusively govern this disability discrimination case and provides Plaintiff with adequate remedies and injunctive relief in the event that the Court determines Plaintiff is an individual with a disability as defined under the ADA and allows the Court to order the type of reasonable accommodation, if any, to which Plaintiff may be entitled.[2] Thus, any declaration pursuant to the Declaratory Judgment Act or Rule 57 would be superfluous. The Court should not allow Plaintiff to disrupt the statutory framework of Title III of the ADA and its accompanying regulations by an unnecessary and unwarranted declaratory judgment action, which NBME suspects is merely a subterfuge to bootstrap this case into a jury trial, which is not otherwise available under Title III of the ADA.[3] The Declaratory Judgment Act cannot be used to circumvent an enforcement mechanism which Congress has established. *Williams v. National School of Health Technology, Inc.*, 836 F.Supp. 273, 281 (E.D. Pa. 1993).

4. Alternatively, although the availability of alternative remedies may not be a bar to declaratory relief, the district court may in the exercise of its discretion refuse declaratory relief, if the alternative remedy is more appropriate. *Smith v. Metropolitan Property and Liability Ins. Co.*, 629 F.2d 757, 789 (2d Cir. 1980); *see also Cartier v. Secretary of State*, 506 F.2d 191, 200 (D.C. Cir. 1974).

---

[2] 42 U.S.C. § 12188(a)(1) provides that the remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a-3(a).
[3] *Hobleman v. Kentucky Fried Chicken*, 260 F.Supp.2d 801, 805 (D. Neb 2003); *Dorsey v. City of Detroit*, 157 F.Supp.2d 729, 733 (E.D. Mich. 2001); *see also Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir.2000) (Gilman, J., dissenting) (stating that it "appears doubtful" that Title III plaintiffs are entitled to jury trial as Title III permits only injunctive relief).

5. Accordingly, the Court should deny Plaintiff's Motion for Leave to Amend Complaint because Title III of the ADA establishes a comprehensive statutory framework and remedial scheme that will provide Plaintiff with adequate statutory remedies and injunctive relief for any reasonable accommodations to which he proves himself entitled.

WHEREFORE, PREMISES CONSIDERED, NBME prays that the Court deny Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted,

GWINN & ROBY
  Thomas C. Riney – TBN 16935100
600 Maxor Building, 320 S. Polk Street
Amarillo, Texas 79101
(806) 468-3200; Fax (806) 376-4509

By /s/ Thomas C. Riney
Thomas C. Riney

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Defendant's Response and Brief In Opposition To Plaintiff's Motion For Leave To Amend Complaint* was served upon Plaintiff's counsel by hand delivery on December 19 2003 as follows:

> John Mozola, Esq.
> MULLIN HOARD & BROWN, LLP
> 500 South Taylor, Suite 800
> Amarillo, Texas 79101

/s/ Thomas C. Riney
Thomas C. Riney
