UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

JAMES AVERY RUSH, IV

Plaintiff,

Civil Action No. 2-03CV-0140J

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

**Part of the arguments in this reply are filed under seal pursuant to the Stipulated Protective Order of October 14, 2003.**

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff replies to Defendant's Response and Brief in Opposition to Plaintiff's Motion for Leave to Amend Complaint, ("Defendant's Response") as follows:

1.   **Summary of argument.**

If Plaintiff is reading disabled, Defendant is required by the Americans with Disabilities Act (the "ADA") to furnish an examination which ***best ensures*** that the results of the U.S. Medical Licensing Examinations ("USMLE") administered to Plaintiff accurately reflect his achievement level rather than his impairment. Plaintiff is not required, either by the federal rules of procedure nor the ADA, to limit his request for accommodations to a single item. Plaintiff seeks leave to amend to allow the Court to adjudicate the reasonableness of all accommodations, which alone or in combination, satisfy Defendant's statutory obligation.

2.  **Defendant has not alleged sufficient grounds for denying Plaintiff's motion for leave to amend.**

Plaintiff's motion is a garden variety motion for leave to amend. It was filed after Plaintiff obtained information in discovery indicating it was appropriate for Plaintiff to request the adjudication of the reasonableness of all accommodations and combination of accommodations on the USMLE tests which would place Plaintiff on a level playing field with all examinees. In the original complaint, Plaintiff requested only the accommodation of double time. The discussion below discusses the discovery from Defendant which prompts Plaintiff to seek an adjudication of the reasonableness of accommodations. For Plaintiff's motion to be denied, there must be a "substantial reason" for doing so, such as undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of prior amendment. *Hermann Holding, Ltd. v. Lucent Technologies* 302 F3d 552, 566 (5th Cir. 2002). (Leave to amend shall be freely granted when justice so requires.)

Defendant alleges none of the reasons required for denial of a motion for leave to amend, nor could it credibly do so in view of the following: (i) Defendant has known since at least October of 2003, that Plaintiff was seeking various accommodations on the USMLE tests, (ii) no depositions have been taken, and (iii) the deadline for completion of discovery and motions to amend pleadings are not until January 23, and January 19, 2004 respectively. Defendant claims, without any evidentiary support, only that the additional accommodations requested by Plaintiff on the USMLE Step tests are not reasonable and "would not comport with the interests of justice." Defendant's Response at p.4. Defendant does not further delineate how the amendment does not comport with justice.

Defendant is attempting to adjudicate the merits of the requests for additional accommodations rather than addressing the appropriate standard for leave to amend under Rule 15, Federal Rules of Civil Procedure.

Further, Defendant claims that Plaintiff's request for a declaratory judgment declaring which requested accommodations are reasonable should not be allowed because a declaratory judgment is not permitted where a special statutory proceeding has been provided. *Id.* Again, Defendant claims no surprise nor any undue burden from the Court's allowing the request for declaratory relief in the amended complaint. Rather, Defendant, as part of the determination of this motion, seeks to adjudicate the merits of whether a declaratory judgment action is appropriate

3. **Discovery in this case demonstrates the appropriateness of Plaintiff's seeking an adjudication of the reasonableness of all accommodations which may place Plaintiff on a level playing field with those examinees who are not reading disabled.**

In the same manner in which careful plaintiffs allege all reasonable remedies to which they may be entitled if liability is established, Plaintiff seeks a judicial determination of all accommodations which may be deemed to be reasonable based on the facts of this case. It makes no sense for Plaintiff to request a single accommodation when there are several possible accommodations or combinations thereof which may place Plaintiff on a level playing field with examinees who are not reading disabled. As alleged in the amended complaint, Defendant must assure that any USMLE examination:

> "...is selected and administered so as to **best ensure** that, when the examination is administered to an individual with a disability that impairs sensory...skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever factors the examination purports to measure, rather than reflecting the individual's impaired sensory...skills."  28 C.F.R §36.309(b). (Emphasis added.)

In short, if Plaintiff is reading disabled, Defendant is required to provide a test that **"best ensures"** that the examination results accurately reflect Plaintiff's achievement level rather than his impairment. Though Plaintiff is not required to prove as a prerequisite for amending his complaint the reasonableness of the accommodations requested, the following discussion indicates that the requested accommodations are reasonable.

    a. **Discovery in this case shows that a test not limited by time is reasonable for Plaintiff if his disability is established.**

    b. **Plaintiff should be allowed at trial to present evidence of the reasonableness of the various accommodations.**

> Pursuant to the Stipulated Protective Prder entered by the Court on October 14, 2003, at p. 5, Plaintiff is filing under seal the argument supporting paragraphs 3a and 3b of this reply. Those arguments summarize information furnished by Defendant which is subject to the Stipulated Protective Order.

WHEREFORE, Plaintiff prays that his motion for leave to amend is granted.

DATED: December _30_, 2003.

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.372.5086 (Fax)

_____
*Attorneys for Plaintiff, James Avery Rush, IV*

### CERTIFICATE OF SERVICE

This is to certify that on the _30th_ day December, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

Christian D. Stewart
GWINN & ROBY
701 S. Taylor
Suite 500
Amarillo, Texas 79101

_____
JOHN MOZOLA