UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

JAMES AVERY RUSH, IV

Plaintiff,

v.

Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.

## PLAINTIFF'S EMERGENCY MOTION TO ORDER DEFENDANT TO PRODUCE DOCUMENTS AND SUPPORTING BRIEF

Plaintiff moves the court for an emergency order requiring Defendant immediately to produce all documents described below so that Plaintiff will have the documents before the depositions of Defendant's representatives scheduled for January 6, 2004.. The grounds for the motion are as follows.

1.   On December 11, 2003, Plaintiff received Defendant's response to the single document request contained in Plaintiff's Fifth Request for Production of Documents, as follows:

> **REQUEST FOR PRODUCTION NO. 1:** All documents concerning the percentage of examinees for the USMLE Step 1, Step 2, or Step 3 tests for whom the test may be timed tests or who would perform better without time requirements.
>
> **RESPONSE:** Defendant objects to this request because it is vague and ambiguous. Subject to and without waiving these objections all examinees take the USMLE under timed conditions. The USMLE Bulletin of Information 2003 outlines the examination administration schedule. National Board of Medical Examiners annual reports for the years 1998-2002 show the number of examinees who sat for each Step by year. These documents are available for inspection at the offices of defense counsel.

2. From Defendant's answer, it is apparent that instead of requesting documents concerning the percentage of examinees for whom the Step test are **timed** tests, Plaintiff should have requested documents showing the percentage of examinees for whom the Step tests are **speeded** tests. In this context, "speeded" means that for some examinees, the time allowed to complete a test makes a difference in performance. In the chambers hearing on Plaintiff's Motion to Compel on October 21, 2003, the Court specifically authorized discovery from Defendant on Defendant's "experience…with people who say they are not able to complete the tests and what percentage of them that can complete the test." Transcript of Chambers Conference at pp. 14-15. Accordingly, Defendant did not object to the request on the basis of relevance.

3. On December 12, 2003, the day after receiving Defendant's response to the document request, Plaintiff's counsel wrote counsel for Defendant requesting Defendant to reconsider its answer, explaining the ambiguity in the request, and asking Defendant to produce the documents showing what Defendant has determined as to the percentage of examinees for whom the Step tests are speeded tests. A copy of that letter is attached hereto as Exhibit A and filed under seal pursuant to the Stipulated Protective Order of October 14, 2003. Though Defendant's counsel stated to Plaintiff's counsel several times that Defendant's response to the letter was imminent and Defendant's counsel believed that the response was imminent, Defendant has not responded.

4. Additionally, on December 12, 2003, Plaintiff's submitted three requests for production in Plaintiff's Eighth Request for Production of Documents requesting the information described in the letter of December 3, 2003, and added this subject matter to the corporate deposition notice for Defendant scheduled for January 6, 2003. A copy of

items requested is filed under seal. The depositions of Defendant's representatives, including the corporate deposition of Defendant are scheduled to begin on January 6, 2004 and the requested documents are needed for those depositions. Not having those documents by January 6, 2004 will cause the need for a second trip to Philadelphia for Defendant's depositions. To date, Defendant has not provided an answer as to whether it will provide the requested documents before the depositions of January 6, 2004. The documents requested are those showing the numbers and percentages of examinees on the Step tests whose performances are affected by exam timing and those requested in Plaintiff's Eighth Request for Production of Documents (which are stated verbatim in the attached documents filed under seal).

Therefore, Plaintiff moves the Court immediately to order Defendant to produce the requested documents in time for the deposition of January 6, 2003.

DATED: December 30, 2003.

Respectfully submitted,

John Mozola, SBOT#14615500
Vincent E. Nowak, SBOT #15121550
Brad A. Chapman, SBOT #04119010
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.372.5086 (Fax)

*John Mozola*
Attorneys for Plaintiff, James Avery Rush, IV

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, Plaintiff's counsel several times requested Defendant's counsel to state whether Defendant would produce the requested documents without the need for filing a motion. Plaintiff's counsel has received no response.

_____
JOHN MOZOLA

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day December, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery:

>Christian D. Stewart
>GWINN & ROBY
>701 S. Taylor
>Suite 500
>Amarillo, Texas 79101

_____
JOHN MOZOLA