UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DEC 3 1 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JAMES AVERY PLAINTIFF, IV

    Plaintiff,

v.

Civil Action No. 2-03CV-0140J

NATIONAL BOARD OF MEDICAL

EXAMINERS,

    Defendant.

## FIRST AMENDED COMPLAINT

Plaintiff, James Avery Plaintiff, IV ("Plaintiff"), complains against Defendant, National Board of Medical Examiners ("NBME" or "Defendant") as follows:

### NATURE OF THE ACTION

1. This is an action for permanent injunctive relief, attorneys' fees and costs incurred in bringing this action, and alternatively for money damages. This action is based on Defendant's refusal to provide reasonable accommodations to Plaintiff pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Plaintiff is a medical student at the Texas Tech University Medical School (the "Medical School") in Amarillo, Texas, and has requested Defendant to allow him reasonable accommodations on U. S. Medical Licensing Examination ("USMLE") tests. The Defendant has illegally refused reasonably to accommodate Plaintiff's learning disability.

### PARTIES

2. Plaintiff has completed the second year of instruction at the Medical School and is domiciled in Amarillo, Randall County, Texas. Plaintiff has a learning disability which impairs

First Amended Complaint
Page 1

his reading to the point that his reading rate is below that of most people and is a disability within the meaning of the ADA. 42 U.S.C. §12102(2).

3. Defendant is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. Defendant administers the USMLE a three-step examination, the successful completion of which is required for medical licensure in the United States.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This action arises under the laws of the United States, specifically the ADA, and accordingly this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the USMLE tests in this district, and the unlawful acts undertaken and resulting injuries occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff has completed his second year of instruction at the Texas Tech University School of Medicine in Lubbock, Texas. As part of his preparation for the third year of medical school, Plaintiff is required to take the USMLE Step 1. This Court on June 20, 2003, found that Plaintiff is disabled under the ADA and ordered Defendant to allow Plaintiff double or twice the normal amount of time to take and complete the USMLE Step 1 test.

7. Although his learning disabilities were not formally diagnosed until 1998, Plaintiff's learning disabilities date back to elementary and junior high school. Teachers in elementary and junior high school recognized that Plaintiff had difficulty finishing tests and in-

class assignments and, his performance on those matters was not comparable in quality to his non-timed, outside of class work. Those teachers provided Plaintiff with the time he needed to finish such projects. Throughout high school and extending into his undergraduate work at The University of Oklahoma, Plaintiff continued to have difficulties regarding timed examinations. His score on the SAT (Scholastic Aptitude Test, the standard test for college admission) was well below what would have been expected given his high school grade point average. During college, he was able to overcome the limitations caused by his disability because his teachers allowed the time he needed on tests involving reading comprehension and extra credit work allowed by instructors to make up for below average performance on timed examinations and projects. His college difficulties were also ameliorated to some degree by his being a mathematics major, where the need to do significant reading for exams was absent.

8. Upon completion of his undergraduate studies, Plaintiff sought admission to medical school. Plaintiff initially took the MCAT without any accommodations and scored a 19. A score of 19 is well below the average score of 24 and is not sufficient for entry into an accredited medical school. Thinking the 19 was a fluke, Plaintiff retook the MCAT without any accommodations, only to score another 19.

9. Having scored well below average twice on the MCAT and having performed only marginally on the SAT years earlier, Plaintiff in 1998 sought a professional evaluation of his reading ability. As a result of that evaluation, he was diagnosed with significant visual perceptual processing weakness that resulted in his being unable to process what he reads as quickly as most other persons. This inability to process the written language substantially limits Plaintiff's reading and learning abilities and results in his being unable to perform adequately on timed examinations as most people would.

10. As a result of this diagnosis, Plaintiff sought formal accommodations in the form of additional time to retake the MCAT. Plaintiff's request for additional time on the MCAT based on his disability was granted, and this time he scored a 25, a substantial improvement over his non-accommodated score of 19.

11. Based on the results of the MCAT achieved with an accommodation, Plaintiff was admitted to the Texas Tech Medical School. The Medical School also has provided Plaintiff with the reasonable accommodation of double time on exams taken to date in medical school. With the accommodations, Plaintiff successfully completed the first two years' courses at the Medical School as of May 2003.

12. Defendant develops and administers the USMLE at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

13. Defendant recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the USMLE Step 1, including accommodations for learning disabilities like those suffered by Plaintiff.

14. In January 2003, anticipating the completion of his second year of medical school, Plaintiff made application to take the USMLE Step 1 in June 2003. Plaintiff also requested a test accommodation based on his disability. The request for accommodation was supported by the same information Plaintiff provided to the MCAT and the Medical School that resulted in his being accommodated on the basis of a learning disability with extra time for the MCAT and medical school exams.

15. In a letter dated March 27, 2003, Defendant denied Plaintiff's request for an accommodation for the USMLE Step 1, claiming Plaintiff had not demonstrated that he was

"significantly impaired in one or more life activities". Defendant issued a Step 1 exam Scheduling Permit for May through July 2003, but made no allowance to accommodate his disability.

16.     On April 21, 2003, Plaintiff, acting through counsel, wrote to Defendant to request reconsideration of the denial of his accommodations request. Plaintiff provided Defendant with additional information and evidence clarifying his prior disability diagnosis and his life-long difficulties with reading and learning.

17.     By an April 25, 2003 letter, Dr. Carol Morrison Featherman, on behalf of Defendant, denied Plaintiff's request for reconsideration. The Court after hearing evidence on Plaintiff's request for a preliminary injunction ordered Defendant to provide Plaintiff the reasonable accommodation of double time on the Step 1 test. On October 24, 2003, Plaintiff again requested reasonable accommodations on future USMLE tests; including those described in paragraph 18 below. Defendant has refused to allow Plaintiff any accommodation on any further USMLE tests taken by Plaintiff.

18.     Plaintiff has definite learning disabilities that substantially limit his major life activities of learning, reading and writing as compared to most people. Under the ADA, Plaintiff is entitled to a reasonable accommodation to take the USMLE Step 1 and Step 2 exams. Those reasonable accommodations include one or more of the following:

1. Providing an oral test with short questions propounded by persons knowledgeable in the subject areas to be tested, with Plaintiff providing oral responses. The test would not be the same as the test administered to applicants without reading disabilities.

2. Providing a reader for the tests.

3. Providing extra time or unlimited time on the tests in half-day sessions followed by at least eighteen hours of rest time.

   4. A separate room for Plaintiff.

   5. Unlimited time on the tests in half day testing sessions followed by at least eighteen hours of rest time.

Defendant's refusal to provide Plaintiff with accommodations for the USMLE exams, despite knowing of Plaintiff's documented learning disabilities that are protected under the ADA, is a violation of Plaintiff's right under the ADA.

   19. Plaintiff will be unable to complete his medical school education in the same manner as his classmates if he does not successfully complete the USMLE. A medical student's performance on the USMLE is a primary determinant of the quality of the institution for which a candidate will be accepted for residency training. Plaintiff will be placed at a distinct disadvantage of competing for quality residency positions if he must take the exam without accommodation for his disability. In the worst case scenario, Plaintiff's medical career and dream of being a doctor could end if he is unable to pass the USMLE because Defendant will not accommodate his disability as required by the ADA.

### COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF AND ALTERNATIVELY FOR DAMAGES

   20. Plaintiff incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

   **A.    Plaintiff is disabled.**

   21. Plaintiff is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing.  42 U.S.C. §12102(2)(A).

   22. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42

U.S.C.§12102(2). The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 C.F.R., pt. 36, App. B. Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 C.F.R. § 36.104) that include "learning" and "working" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA.

23. As noted above, Plaintiff has a learning disability that substantially impairs his ability to read and process the written word. His disability precludes him from learning, reading in the same manner and in the same amount of time as most people. This learning disability substantially limits his activity of learning, reading, and writing in comparison to most people.

**B.  Defendant has the duty reasonably to accommodate Plaintiff's disability.**

24. Title III of the ADA (42. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1 as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

25. Defendant is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the USMLE.

26. Pursuant to 28 C.F.R. § 36.309(b), Defendant must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, rather

> than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Plaintiff, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

27.  Prior to filing of this lawsuit Plaintiff made formal written request of Defendant for reasonable accommodation for his disability and repeated that request on October 24, 2003.

28.  The Defendant's refusal to provide the reasonable test accommodations Plaintiff requested for the USMLE constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

**C.   Plaintiff will be irreparably harmed if injunctive relief is not granted.**

29.  Plaintiff has been irreparably harmed and will continue to be harmed if Defendant continues its illegal refusal to provide him the reasonable test accommodations described in paragraph 18 above.

(a) Because of Defendant's conduct, Plaintiff's medical school career likely will be delayed and he likely will not be able timely to complete his third year on time. The fact that Plaintiff is behind his class means he will probably not be offered the range and quality of residency or medical specialty options as his peers, will not be offered interviews for further study in the more competitive specialties, and will not have the usual range of geographic locations for remaining medical school programs.

(b) Plaintiff faces a future expulsion proceeding under the Medical School's policy if he takes and fails to pass the USMLE tests in a timely manner. Requiring Plaintiff to take the USMLE tests without accommodation puts him at distinct disadvantage because of his disability. Reduced performance on the USMLE tests as a result of not receiving accommodation significantly reduces Plaintiff's future professional career options.

(c) Failure to pass the USMLE necessarily precludes an individual from employment as a medical doctor in the United States. Passing of the USMLE is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the USMLE is a primary determinant of a candidate's job opportunities for residency. Thus, Plaintiff's entire future livelihood as a medical doctor rests on the USMLE. Defendant's refusal to grant Plaintiff the reasonable accommodations requested necessitated that he file this lawsuit to require Defendant to grant accommodations that allow Plaintiff to demonstrate the extent of his mastery of the subject matters being tested rather than reflecting his impaired reading.

(d) Defendant's conduct is especially egregious because Defendant acknowledges that the Step 1 and Step 2 tests are not intended by Defendant to determine reading speed and comprehension of the examinee.

**D.    Plaintiff is entitled to injunctive relief, or alternatively, money damages.**

30.    The Defendant will not be harmed if the Court grants the requested injunctive relief, inter alia, because the Step 1 and Step 2 tests are not designed to be reading comprehension tests and Defendant's granting accommodation to Plaintiff does not give Plaintiff an advantage over other examinees who are not disabled. Thus, the balancing of harm favors granting the requested injunctive relief.

31.    The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the Defendant to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.

32. The Defendant in denying Plaintiff's request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Plaintiff's ADA rights.

33. Plaintiff is entitled to and hereby requests that the Court enter a permanent injunction directing that the Defendant immediately to cease and desist its refusal to accommodate Plaintiff's request for accommodations on the USMLE to be taken by Plaintiff and that Defendant comply with the ADA by providing Plaintiff's requested accommodations for which Plaintiff is otherwise entitled to sit.

34. Pleading further, and in the alternative if need be: As a result of the Defendant's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

36. Plaintiff incorporates by reference Paragraphs 1 through 34 as fully set forth herein.

37. 42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(b) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Plaintiff is entitled to recovery and, hereby, does request recovery of all reasonable attorney's fees, costs, and expenses incurred in the bringing and prosecution of this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court grant judgment in his favor and against Defendant as follows:

1.  a permanent injunction ordering Defendant immediately to cease and desist from its refusal to accommodate Plaintiff's request for accommodation on the USMLE for which Plaintiff is otherwise entitled to sit and ordering Defendant to comply with the ADA by allowing Plaintiff any or all of the accommodations described in paragraph 18 which the court finds to be reasonable;

2.  alternatively, pursuant to 28 U.S.C. §2201 *et seq.*, the Declaratory Judgment Act declaring that the accommodations in paragraph 18 above are reasonable for purposes of the ADA;

3.  alternatively, if need be, enter judgment against the Defendant awarding such compensatory damages as may be proven by Plaintiff and to which he is entitled;

4.  awarding Plaintiff recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

5.  awarding all other and further relief as may be appropriate, in law or in equity, to which Plaintiff may be entitled.

DATED: December _12_, 2003.

                              Respectfully submitted,

                              John Mozola, SBOT# 14615500
                              Brad A. Chapman, SBOT# 04119010
                              Vincent E. Nowak, SBOT #15121550
                              MULLIN HOARD & BROWN, LLP
                              500 S. Taylor, Suite 800
                              P. O. Box 31656
                              Amarillo, Texas  79120-1656
                              806.372.5050
                              806.372.5086 (Fax)

                              _/s/ John Mozola_
                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on December *31st*, 2003, a true and correct copy of the above and foregoing was served on counsel for the Defendant via hand delivery, addressed as follows:

> Thomas C. Riney
> GWIN & ROBY
> 600 Maxor Building
> 320 S. Polk
> Amarillo, Texas 79101

_____
JOHN MOZOLA