IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. ... ... 
NORTHERN ... OF TEXAS
FILED
JAN 1 2 2004
CLERK, U.S. DISTRICT COURT
By _____
 Deputy

| | | |
|---|---|---|
| JAMES AVERY RUSH, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 2-03CV-0140J |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S FIRST AMENDED ANSWER

Defendant NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME") answers Plaintiff's First Amended Complaint ("Complaint") as follows:

### FIRST DEFENSE

1.  NBME admits that Plaintiff purports to bring an action as described therein, but denies that the accommodations requested by Plaintiff are reasonable. NBME admits that Plaintiff is a medical student at Texas Tech University Medical School ("Medical School") in Amarillo, Texas and that Plaintiff has requested NBME to allow him accommodations on the U.S. Medical Licensing Examination ("USMLE") tests. NBME denies the remaining allegations asserted in paragraph 1.

2.  NBME admits the allegations in the first sentence of paragraph 2, but denies the remaining allegations of paragraph 2.

3.  NBME admits the allegations in paragraph 3.

15784.00001 82445_1

4. NBME admits that this Court has jurisdiction over this action as alleged in paragraph 4, but denies that NBME is subjecting Plaintiff to discrimination on the basis of a disability in violation of Title III of the ADA.

5. With respect to the allegations in paragraph 5, Defendant admits that venue is proper in this Court, but denies that NBME has engaged in any unlawful acts in this judicial district or that Plaintiff has incurred resulting injuries or damages.

6. NBME admits the allegations in the first and second sentences of paragraph 6. NBME admits that on June 20, 2003, the Court found that Plaintiff has a disability under the ADA for the purposes of the temporary injunction and ordered NBME to allow Plaintiff double time or twice the normal amount of time to take and complete the USMLE Step 1 test on or about July 2, 2003, but denies the remaining allegations of paragraph 6.

7. NBME denies the allegations in paragraph 7.

8. NBME admits the allegations in the first and second sentences of paragraph 8 and that Plaintiff retook the MCAT without any accommodations and scored another 19. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. NBME admits that Plaintiff scored below average twice on the MCAT examination, that Plaintiff received a score on the SAT, and that Plaintiff sought a professional evaluation of his reading ability, but NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's

performance on the SAT was marginal. NBME denies the remaining allegations of paragraph 9.

10. NBME admits that Plaintiff sought formal accommodations in the form of additional time to take the MCAT and that Plaintiff's request for additional time on the MCAT was granted and that Plaintiff scored a 25 on his third attempt at the MCAT, which was an improvement over his previous score of 19, but denies the remaining allegations of paragraph 10.

11. NBME admits that Plaintiff was admitted to the Texas Tech Medical School after Plaintiff took his third MCAT examination with an accommodation and received his score and that the Medical School has provided Plaintiff with the accommodation of double time on exams taken to date. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. NBME admits the allegations of Plaintiff in paragraph 12 with the qualification that each student's scores on the USMLE Step 1 are reported to that student's medical school, unless that student requests otherwise.

13. NBME denies that Plaintiff suffers from a learning disability but otherwise admits the allegations of paragraph 13.

14. NBME admits that in January 2003, Plaintiff applied to take the USMLE Step 1, that Plaintiff requested test accommodations, and that Plaintiff received test

accommodations of extra time from MCAT and the Medical School, but denies the remaining allegations of paragraph 14.

15. NBME admits that it has denied Plaintiff's request for an accommodation for the USMLE Step 1 and asserts that NBME's letter dated March 27, 2003 is the best evidence of what was stated in that letter. NBME admits that Plaintiff was issued a Step 1 exam Scheduling Permit to take that exam in May through July of 2003, and that it denied Plaintiff's request for an accommodation, but denies that Plaintiff is disabled and that Plaintiff is entitled to any accommodation.

16. NBME admits the allegations in the first sentence of paragraph 16 and that Plaintiff provided NBME with additional information, but denies the remaining allegations of paragraph 16.

17. Defendant admits that, upon reconsideration, NBME denied Plaintiff's request for accommodations, admits the allegations in the second sentence of paragraph 17, and that on or about October 24, 2003, Plaintiff requested accommodations on future USMLE tests, including those accommodations described in paragraph 18, but NBME denies that Plaintiff has a disability under the ADA, that he is entitled to any accommodation, and that the accommodations Plaintiff requested on or about October 24, 2003, or in paragraph 18 are reasonable. Plaintiff's supplemental application was not complete until December, 2003, and NBME has not responded to this application.

18. NBME denies the allegations of paragraph 18.

19. NBME admits that successful completion of the USMLE tests is generally required for medical licensure, but NBME denies that Plaintiff has a disability under the ADA. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20. Defendant is not required to further admit or deny the statement contained in paragraph 20.

21. NBME denies the allegations in paragraph 21.

22. The allegations in paragraph 22 recite legal authorities to which no response is required. To the extent an admission or denial is deemed required, however, NBME denies that Plaintiff has a disability as defined under the ADA or its accompanying regulations. NBME admits the allegations in the first sentence of paragraph 22. With respect to the allegations in the second sentence of paragraph 22, NBME admits only that Plaintiff has accurately recited portions of Appendix B to Part 36 of Title 28 of the Code of Federal Regulations. NBME admits the allegations in the third sentence of paragraph 22. With respect to the allegations contained within the fourth sentence of paragraph 22, NBME admits only that "reading" and "writing" may be major life activities protected by the ADA.

23. NBME denies the allegations in paragraph 23.

24. The allegations in paragraph 24 recite legal authorities to which no response is required. To the extent an admission or denial is deemed required, however, with respect to the allegations in paragraph 24, NBME denies that Plaintiff has made the

appropriate statutory cite, but admits that Title III of the ADA prohibits discrimination against persons with disabilities in certain professional examinations, including the USMLE Step 1.

25. NBME admits that 42 U.S.C. §12189 applies in the context of this lawsuit because NBME is an entity which offers the USMLE Step 1 examination.

26. With respect to the first sentence in paragraph 26, NBME admits that 28 C.F.R. § 36.309(b) is one of the regulations the Department of Justice issued to implement Title III of the ADA but denies that Plaintiff has properly and completely quoted such regulation. NBME denies that Plaintiff is disabled, but admits that an accommodation which may be offered to persons disabled under the ADA is additional time to complete the USMLE exams.

27. NBME admits that Plaintiff made a written request for accommodation to NBME for the USMLE Step 1, and that on or about October 24, 2003 that Plaintiff made another written request to NBME for accommodation on the USMLE Step 1 and Step 2 tests, but NBME denies that the application was complete on October 24, 2003, and the remaining allegations of paragraph 27.

28. NBME denies the allegations in paragraph 28.

29. NBME admits that Plaintiff may face an expulsion proceeding under the Medical School's policies if he fails to pass the USMLE tests in a timely manner, but denies that NBME is responsible or would be responsible for any such failure or failures of Plaintiff. NBME admits that individuals must typically pass the USMLE exams,

among other things, in order to practice medicine in the United States, but NBME is without knowledge or information sufficient to form a belief as to the truth of whether the level of performance on the USMLE is a "primary determinant" of a candidate's job opportunities for residency. NBME denies the remaining allegations of paragraph 29.

30. NBME denies the allegations in paragraph 30.

31. NBME admits the allegations contained in the second sentence of paragraph 31, but denies the remaining allegations of paragraph 31.

32. NBME denies the allegations in paragraph 32.

33. NBME denies the allegations in paragraph 33.

34. NBME denies the allegations in paragraph 34.

35. Plaintiff's First Amended Complaint has omitted paragraph 35.

36. NBME is not required either to further admit or deny the statement contained in paragraph 36.

37. NBME admits that Plaintiff has correctly summarized the cited statutory provision of the ADA, but denies the remaining allegations of paragraph 37.

38. With respect to the Prayer portion of the Complaint, NBME denies that Plaintiff is entitled to any of the requested relief and denies that Plaintiff is entitled to: a permanent injunction; the requested accommodations; the requested declarations; any attorneys' fees, costs and expenses; any compensatory damages; and/or any other relief whatsoever. Specifically, NBME denies that Plaintiff is entitled to any of the requested relief described in paragraphs 1 through 5 in the Prayer portion of the Complaint.

39. Any allegation asserted in the Complaint that is not specifically admitted above is hereby specifically denied by NBME.

## SECOND DEFENSE

As a matter of law, Plaintiff cannot recover compensatory damages, actual damages, damages for lost employment opportunities, out-of-pocket pecuniary losses, mental anguish or severe emotional distress under Title III of the ADA, 42 U.S.C. §§12181 *et seq.* and 42 U.S.C §12189.

## THIRD DEFENSE

NBME has legitimate, nondiscriminatory reasons for denying Plaintiff any accommodation on the USMLE Step tests and for denying the unreasonable accommodations that Plaintiff has requested. NBME contends that Plaintiff is not an individual with a disability under the ADA and therefore is not entitled to any accommodation on the USMLE. NBME did not unlawfully discriminate against Plaintiff and did not violate any provision of the ADA or Title III of the ADA. NBME's actions concerning Plaintiff were reasonable and taken in good faith.

## FOURTH DEFENSE

The accommodations that Plaintiff seeks in paragraph 18 under Title III of the ADA, 42 U.S.C. §§12181 *et seq.* and 42 U.S.C §§12188(a)(1), 12189, and 28 C.F.R. §36.309(b) are unreasonable and would fundamentally alter the measurement of the knowledge the USMLE examinations are intended to test and would result in an undue burden and undue hardship on NBME. Plaintiff's requested accommodations would

fundamentally alter the nature of the USMLE examinations and the services that NBME provides, *i.e.*, standardized examinations offered on a nation-wide basis, and would thus impose an undue hardship on NBME.

### FIFTH DEFENSE

As a matter of law, Plaintiff cannot assert a declaratory judgment action under 28 U.S.C. §2201 *et seq.* seeking a declaration from the Court that the accommodations Plaintiff requests in paragraph 18 are reasonable for the purposes of Title III of the ADA, 42 U.S.C. §§ 12181 *et seq.* and 42 U.S.C § 12189. By enacting the ADA, and in particular, Title III of the ADA, Congress established a comprehensive statutory scheme that provides Plaintiff with adequate statutory remedies that exclusively govern this disability discrimination case. The ADA provides Plaintiff with sufficient injunctive relief and remedies if the Court should determine that Plaintiff is an individual with a disability as defined under the ADA. Therefore, Plaintiff's request for declaratory relief under 28 U.S.C. §2201 *et seq.* is improper as a matter of law.

### SIXTH DEFENSE

Plaintiff has failed to exhaust all available academic and/or administrative remedies.

WHEREFORE, PREMISES CONSIDERED, NBME prays that the Court deny Plaintiff's request for injunctive relief and for accommodations under the ADA; that the Court deny Plaintiff's request for declaratory relief under 28 U.S.C. §2201 *et seq.*; that the Court enter final judgment that Plaintiff take nothing by this suit and that NBME

recover its costs and expenses; and such other relief, at law or in equity, to which NBME is entitled.

  SIGNED this 12th day of January, 2004.

          Respectfully submitted,

          GWINN & ROBY
           Thomas C. Riney – TBN 16935100
          600 Maxor Building
          320 South Polk Street
          Amarillo, Texas 79101
          (806) 468-3200; Fax (806) 376-4509

          By _____
            Thomas C. Riney

          ATTORNEYS FOR DEFENDANT,
          NATIONAL BOARD OF MEDICAL
          EXAMINERS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's First Amended Answer is being served upon counsel of record by hand delivery this 12th day of January, 2004, as follows:

>John Mozola, Esq.
>Vincent E. Nowak, Esq.
>Brad A. Chapman, Esq.
>MULLIN HOARD & BROWN, LLP
>500 South Taylor, Suite 800
>Amarillo, TX 79101

_____
Thomas C. Riney