IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES AVERY RUSH, IV,   )
            )
    Plaintiff,    )
            )
VS.         )   NO. 2-03CV-0140J
            )
NATIONAL BOARD OF MEDICAL  )
EXAMINERS,     )
            )
    Defendant.   )

## DEFENDANT'S MOTION FOR JUDGMENT
## ON THE PLEADINGS AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

NATIONAL BOARD OF MEDICAL EXAMINERS ("NBME"), Defendant in the above-entitled and numbered cause, submits this Motion for Judgment on the Pleadings under FED. R. CIV. P. 12(c) as to Plaintiff's declaratory judgment action asserted in Plaintiff's First Amended Complaint, and shows the Court as follows:

### BACKGROUND

1. On May 23, 2003, Plaintiff filed an Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial ("Original Complaint"), alleging that Plaintiff is an individual with a disability as defined by 42 U.S.C. 12102(2), the Americans with Disabilities Act ("ADA"), and that NBME discriminated against Plaintiff in violation Title III of the ADA, 42 U.S.C. §12189 by refusing to provide Plaintiff with his requested accommodation of additional time to take the United States Medical Licensing Examination ("USMLE") Step tests.  By order dated June 20, 2003, the Court granted the preliminary injunctive relief requested by Plaintiff in the Original Complaint and ordered NBME to allow Plaintiff double the standard amount of time to take the

         82796.1

USMLE Step 1. In compliance with the Court's Order, NBME allowed Plaintiff to take the USMLE Step 1 test on July 2, 2003 with the accommodation of double time.

2.     With leave of Court, Plaintiff filed a First Amended Complaint on December 31, 2003. After having taken the USMLE Step 1 test with the accommodation of double time, Plaintiff's First Amended Complaint now seeks the following accommodations on any future USMLE Step 1 or Step 2 tests:

a.     Providing an oral test with short questions propounded by persons knowledgeable in the subject areas to be tested, with Plaintiff providing oral responses. The **test would not be the same** as the test administered to applicants without reading disabilities.

b.     Providing a reader for the tests.

c.     Providing extra time **or unlimited time** on the tests in half-day sessions followed by at least 18 hours of rest time.

d.     A separate room for Plaintiff.

e.     Providing unlimited time on the tests in half-day sessions followed by at least 18 hours of rest time.

(First Amended Complaint at ¶18)(emphasis added).

3.     Plaintiff's Amended Complaint seeks a permanent injunction on the USMLE Step 1 and 2 tests and requests that the Court order NBME immediately to cease and desist from its refusal to accommodate Plaintiff's request for accommodation on the USMLE and order NBME "to comply with the ADA by allowing Plaintiff any or all of the accommodations described in paragraph 18 which the court finds to be reasonable." (First Amended Complaint at page 11 at ¶ 1; ¶¶ 1, 30, 33).

4.     On October 31, 2003, the Court issued its Second Amended Rule 16 Scheduling Order setting January 19, 2004 as the deadline for amending pleadings. However, that date fell on

the Martin Luther King, Jr. legal holiday, so under FED. R. CIV. P. 6(a), the deadline to amend

pleadings was extended to January 20, 2004.

**PLAINTIFF IS NOT ENTITLED TO A
DECLARATORY JUDGMENT**

5.      Plaintiff's First Amended Complaint seeks a permanent injunction ordering NBME

"to comply with the ADA by allowing Plaintiff any or all of the accommodations described in

paragraph 18 which the court finds to be reasonable." (First Amended Complaint at page 11 at ¶ 1).

However, Plaintiff's First Amended Complaint alternatively asserts a request for a declaration under

28 U.S.C. §2201 *et seq.*, the Declaratory Judgment Act, "that the accommodations in paragraph 18

above are reasonable for the purposes of the ADA." (Plaintiff's First Amended Complaint, page 11

at ¶2).

6.      Pursuant to FED. R. CIV. P. 12(c), NBME moves for judgment on the pleadings

regarding Plaintiff's alternative request for a declaration from the Court that the requested

accommodations in paragraph 18 of the First Amended Complaint are reasonable, on the grounds

that any declaratory judgment action is unwarranted and unnecessary in light of Title III of the

ADA's statutory remedies, which includes the Court's power to grant permanent injunctive relief,

and would constitute and unnecessary waste of judicial resources and time.

7.      The United States Supreme Court has held that although Rule 57 of the Federal

Rules of Civil Procedure[1] "permits declaratory relief although another adequate remedy exists, it

should not be granted where a special statutory proceeding has been provided." *Katzenbach v.

McClung*, 379 U.S. 294, 29-96, 85 S.Ct. 377, 379 (1964).  Declaratory relief is improper in a

---

[1] FED. R. CIV. P. 57 provides in relevant part: "The procedure for obtaining a declaratory judgment pursuant to
Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded
under the circumstances and in the manner provided in Rules 38 and 39.  The existence of another adequate remedy
does not preclude a judgment for declaratory relief in cases where it is appropriate...."

Defendant's Motion for Judgment
on the Pleadings and Brief- Page 3

82796.1

situation where a comprehensive statutory scheme has been established and a particular pattern of judicial remedy has been prescribed. *See Holiday Inns of America, Inc. v. Holiday House, Inc.*, 279 F.Supp. 648, 649 (D.C. Pa. 1968); *Marchwinski v. Oliver Tyrone Corp.*, 461 F.Supp. 160, 173 (D.C. Pa., 1978); *see also Person v. U.S. Dept. of Agriculture*, 593 F.Supp. 1054, 1057-59 (D.C. Wis. 1984); *Frommert v. Conkright*, 206 F.Supp.2d 435, 441 (W.D. N.Y. 2002).

8.      Title III of the ADA establishes a comprehensive federal statutory scheme that exclusively governs this disability discrimination case and provides Plaintiff with adequate statutory remedies in the event the Court determines that Plaintiff is an individual with a disability as defined under the ADA, including the power to issue permanent injunctive relief as to the type of reasonable accommodation, if any, to which Plaintiff may prove himself entitled.[2]

9.      Therefore, because of the Court's power to issue injunctive relief under Title III of the ADA, any alternative declaration from the Court pursuant to the Declaratory Judgment Act or Rule 57 of the Federal Rules of Civil Procedure would be unnecessary and superfluous.

10.      The Court should not allow Plaintiff to disrupt the statutory framework of Title III of the ADA and its statutory remedies by asserting an unwarranted and duplicative declaratory judgment action.  The Declaratory Judgment Act cannot be used to circumvent an enforcement mechanism which Congress has established. *Williams v. National School of Health Technology, Inc.*, 836 F.Supp. 273, 281 (E.D. Pa. 1993).

11.      Accordingly, NBME requests that the Court grant this motion for judgment on the pleadings as to Plaintiff's declaratory judgment action.

---

[2] 42 U.S.C. § 12188(a)(1) provides that the remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a-3(a), which provides for "preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order . . . ."

WHEREFORE, NBME respectfully requests that the Court grant this motion for judgment on the pleadings and enter judgment that Plaintiff's declaratory judgment action asserted in Plaintiff's First Amended Complaint be dismissed with prejudice.

Respectfully submitted,

GWINN & ROBY
Thomas C. Riney – TBN 16935100
600 Maxor Building, 320 S. Polk Street
Amarillo, Texas 79101
(806) 468-3200
(806) 376-4509 FAX

By_____
     Thomas C. Riney

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of ***Defendant's Motion for Judgment on the Pleadings and Brief in Support*** was served upon Plaintiff's counsel by hand delivery on January 20, 2004 as follows:

> John Mozola, Esq.
> MULLIN HOARD & BROWN, LLP
> 500 South Taylor, Suite 800
> Amarillo, Texas 79101

_____
Thomas C. Riney